**SMALL et al. v. PARKER et al.**

No. 13862.

Court of Civil Appeals of Texas.
Fort Worth.
July 8, 1938.

Rehearing Denied Sept. 16, 1938.

E. B. Comer and S. C. Rowe, both of Fort Worth, for appellant B. Frank Kauffman.

Rogers & Spurlock, of Fort Worth, for appellant Hugh L. Small.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellees.

B. W. KING, Special Associate Justice.

This suit was entered by W. R. Parker, for himself and on behalf of all other candidates for elective offices in the Democratic Primaries of Tarrant County, Texas, for the year 1936, against Hugh L. Small, who served as County Chairman of the Democratic Executive Committee of Tarrant County, Texas, for several terms and resigned such office on June 23, 1936, and B. Frank Kauffman, the successor of Hugh L. Small as such County Chairman.

The appellees allege that appellants under and by authority of Article 3108 of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 3108, assessed and collected from the candidates of Tarrant County, Texas, the sum of $22,910; and that they lawfully spent of said money the sum of $17,295.04, and the remainder of $5,614.96 was wrongfully and unlawfully expended and kept by the said appellants,

which sum was composed of the following items, to wit:

(1) Services rendered by H. L. Small for years 1934, 5, 6, audit p. 9 .............. $2,500.00

(2) Office rent for county chairman, H. L. Small, 24 months prior to 1936 primary, p. 9 of audit ...... 600.00

(3) Stenographic (office help) H. L. Small 24 months prior to 1936 Primary, audit p. 9 ................ 480.00

(4) Office phone, long distance wires, H. L. Small, prior to 1936 Primaries, audit p. 9 .................. 83.00

(5) Stamps, office supplies, typewriter equipment for H. L. Small prior to 1936 primary, audit p. 9 ........ 17.00

(6) Jewel Dycus, services, audit p. 21 .................. 316.63

(7) B. F. Kauffman, services, audit p. 21 .............. 400.00

(8) Jewel Dycus, services, audit p. 21 ................ 25.00

(9) O. E. Tunstill, expenses, audit p. 21 ................ 5.00

(10) Cash, unexplained, audit p. 21 .................... 12.00

(11) A. H. Sanders, audit p. 21 .. 5.00

(12) Dr. C. E. Walker, audit p. 21 5.00

(13) The sum remaining in the hands of B. Frank Kauffman, County Chairman, p. 11 ................. 914.92

(14) Refreshments, audit p. 21.. 3.10

(15) Cash, audit p. 14 .......... 35.00

(16) Cash and Express items, audit p. 15 .............. 103.54

(17) Refreshments, audit p. 16.. 2.00

(18) Cash and unexplained items on p. 18 of audit........ 97.77

(19) Texas Electric Service Co. meter deposit which does not show to have been returned, audit p. 14 ....... 10.00
_____
Grand Total of disputed items... $5,614.96

The appellants' answers are separate but the allegations and pleas in substance are the same and they answer by Plea in Abatement and General Demurrer, answers in which they set up the authorization of the Democratic Executive Committee authorizing the expenditures as made and the final approval by the whole Committee of the expenditures as so made.

The case was tried on April 9, 1938 before the court, without the intervention of a jury, and judgment rendered in favor of the appellees as against appellant, Hugh L. Small, for the sum of $3,525 and as against appellant, B. Frank Kauffman, in the sum of $1,731.55, which sums were to be distributed among the various candidates as named in the plaintiffs' petition in proportion to what they had paid in to have their names placed on the ticket, with an order and direction in the judgment that the appellants pay said sums for which judgment was rendered into the Registry of the court for distribution to the appellees, and the other candidates named and that upon failure of the appellants to so pay said money into the Registry of the court that the appellees have execution.

The appellants insist that the judgment of the trial court is erroneous and they base this in effect upon five propositions:

(1) That the appellees' Amended Original Petition is subject to general demurrer.

(2) The money paid in by the various candidates to the County Chairman under and by virtue of Article 3108 of the Revised Statutes of Texas, Vernon's Ann. Civ.St. art. 3108, became and is the property of the Democratic Executive Committee of Tarrant County, Texas, and that said candidates have no further right or interest in and to said funds.

(3) That Article 3108 of the Revised Statutes vests in the Democratic Executive Committee the exclusive discretion as to the expenditure of funds assessed and collected for defraying the expenses of the 1936 primaries.

(4) That where the Chairman of the Democratic Executive Committee assessed and collected funds under and by virtue of Article 3108 for defraying the expenses of the Primary Elections, and said funds were expended as directed by the Democratic Executive Committee, that any cause of action for the recovery thereof would not be against the Chairman alone, but against the Committee.

(5) That the finding of the Trial Court to the effect that the funds collected from various candidates of 1936 were trust funds in the hands of the Chairman of the Democratic Executive Committee was not supported by the pleadings and the evidence.

At the outset of this case the appellants question the right of the appellees to main-

tain this suit in the filing of the general demurrer. The trial court overruled the general demurrer and that question is here for review. Article 3117 of the Revised Statutes provides for the time of the meeting of the various committees of any political party and the order in which the names of the candidates are to be placed on the official ballot and directs the Committee in its business with reference thereto. Article 3108 of the Revised Statutes, as amended, Vernon's Ann.Civ.St. art. 3108, provides as follows:

"At the meeting of the county executive committee provided in Article 3117, the county committee shall also carefully estimate the cost of printing the official ballots, renting polling places where same may be found necessary, providing and distributing all necessary poll books, blank stationery and voting booths required, compensation of election officers and clerks and messengers, to report the result in each precinct to the county chairman, as provided for herein, and all other necessary expenses of holding such primaries in such counties and shall apportion such cost among the various candidates for nomination for county and precinct offices only as herein defined, and offices to be filled by the voters of such county or precinct only (candidates for State offices excepted), in such manner as in their judgment is just and equitable, giving due consideration to the importance and emoluments of each such office for which a nomination is to be made and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses so apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter."

 Then the question arises whether or not the expenditures as questioned, such as salary for the county chairman, ranging over a period of three years, office rent, and stenographer hire, ranging over a period of two years, are expenditures within the purview of said article, or whether or not they are authorized by the Constitution and Laws of this State. We think such expenditures are not authorized and that the moneys collected from the various candidates and placed in the hands of the appellants became a trust fund and could only be disbursed and paid out as provided by statute; certainly it could not be spent by the chairman of the executive committee for items not within the purview of said statute. Kauffman et al. v. Parker et al., Tex. Civ.App., 99 S.W.2d 1074, 1075. This being the holding on former appeal in the same case. The appellants insist that the money paid in by the respective candidates became the property of the Democratic Party or the Democratic Executive Committee of Tarrant County, Texas, and that being true the appellees would have no right to maintain suit for said money, to which proposition we cannot agree for it is our view that in the beginning the Committee and county chairman had only the authority to assess and collect from the various candidates sums sufficient to cover the reasonable and necessary expenses for the conducting of said primaries and this the county chairman and committee recognized by rebating all candidates in the First Primary twenty per cent of their respective assessments; then too these candidates were only interested in and bound to pay their proportionate part of the actual necessary expenses in conducting the primaries in 1936, whereas, these items of expenses for which this money was applied accrued over a period of time of three years. Certainly it cannot be said that the candidates of 1936 should make up any deficit of the committee prior to the time they announced for office. Furthermore, if the county chairman and committee is vested with authority to make assessments beyond that which is reasonable and necessary for the defraying of the expenses of the primary, then if they could pay the county chairman an annual salary they could just as well pay the various members of the committee a salary and this would make it prohibitive on the candidates to announce for office and have their names placed on the ticket, thus destroying the very purpose for which the county chairman and the committee exists.

We therefore conclude that the county chairman and executive committee are only authorized to assess and collect from the candidates the reasonable and necessary expenses for the conducting of said primary election and that the items for which judgment was rendered herein were not within the purview of Article 3108 and the Constitution and Laws of this State, and that the petition was not subject to general demurrer.

 The next question raised is where the title to the money paid in by the various

candidates rests after its receipt by the county chairman. In connection therewith we call attention to the fact that Article 3108 provides that the county chairman shall mail to each of the persons whose names have been requested to be placed on the official ballot, a statement of the amount of such expenses so apportioned to them with the request that they pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter, hence it will be seen that the fund was turned over to the county chairman; and we think the evidence shows, was by Chairman Hugh L. Small placed in the bank to his credit and nowhere does it show that the fund was ever delivered to or came into the possession of the Democratic Executive Committee, thus showing that the fund was treated by the chairman as trust fund and he never at any time held title to the funds except for the purpose of defraying the reasonable and necessary expenses of the election. Furthermore, we know of no rule of law which would make the political association, known as the Democratic Executive Committee of Tarrant County, Texas, or the Democratic Party of Tarrant County, Texas, a legal entity capable of taking title to the funds in controversy. (8 R.C.L. pp. 941–952; 18 C.J. 158).

The next question is question No. 3 to the effect that there is vested in the Democratic Executive Committee exclusive discretion as to the expenditures of funds assessed and collected. To this proposition we agree with the restrictions that the committee is limited in its authority in the expenditure of the funds to such as is reasonable and necessary for defraying the expenses of the primary, however the items that are covered in this judgment are not within the purview of Article 3108.

The fourth question presented is to the effect that the suit should have been against the committee and not the chairman alone, and we think, as before expressed, that the testimony does not show that the fund in question ever came into the hands of the executive committee proper, but that it was held by the county chairman and expended under the direction of the executive committee for the purposes provided by law, and that such as were not expended by authority of law remained in the hands of the county chairman in trust for those that had placed the fund there for a specific and definite purpose.

As to the fifth question, we think the judgment is sustained by the pleadings and evidence in this cause.

A further discussion of the other assignments of error becomes unnecessary in light of what has been said concerning assignments noted and we therefore conclude that the judgment of the trial court should be affirmed, and it is therefore so ordered.