

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 12, 1970

Hon. Martin Dies, Jr.
Secretary of State
Capitol Building
Austin, Texas   78711

Opinion No. M-629

Re: Authority to pay compensation
to precinct committeemen of
the political party and com-
pensation for their attendance
at meetings of the county ex-
ecutive committee.

Dear Sir:

Your request for an opinion in the above subject matter
asks the following question:

"I respectfully request your opinion on
whether the precinct committeemen (precinct
chairmen) of a political party which holds
primary elections may lawfully be paid from
the primary fund (assessments and filing fees
of candidates) any compensation or reimburse-
ment for expenses for their attendance at
meetings of the county executive committee
at which business relating to the conduct of
the primary elections is transacted."

An officer may not claim or receive any money without a
law authorizing him to do so and clearly fixing the amount to which
he is entitled. State v. Moore, 57 Tex. 307 (1882); McLennan County
v. Boggess, 104 Tex. 311, 137 S.W. 346 (1911); Binford v. Robinson,
112 Tex. 84, 244 S.W. 807 (1922); 47 Tex.Jur.2d, Public Officers,
§162, p. 206.

In Attorney General's Opinion O-7282 (1946), it was held
that members of the county executive committee were not allowed
any fees for attending a meeting of said committee.

In Kaufman v. Parker, 99 S.W.2d 1074 (Tex.Civ.App. 1936),
the court held that the assessments and filing fees paid by candi-
dates under the authority of Article 3108, Vernon's Civil Statutes,
(now Article 13.08 of the Election Code) constitutes trust funds
and are to be disbursed only as provided by statute, stating:

-3011-

"The money when collected and placed in the hands of the appellants (the committee) became a trust fund, and could only be disbursed and paid out as provided by statute; certainly it could not be spent by the chairman of the executive committee, these appellants (the committee), for salaries and services performed by the chairman, nor could it be spent for unnecessary expenses, but must be spent for purposes intended by the statute, and under the provisions of the statute authorizing such expenditures." (Emphasis added.)

See also Small v. Parker, 119 S.W.2d 609 (Tex.Civ.App. 1938, error dism.) and Stevenson v. Sherman, 231 S.W.2d 506 (Tex.Civ. App. 1950, error ref.).

We have found no provision in the Texas Election Code for paying precinct chairmen any compensation or reimbursement of expenses for attending meetings of the county executive committee. In view of the foregoing authorities, you are advised that in the absence of statutory provisions authorizing such payment and prescribing the amount to be paid, precinct committeemen of county executive committees may not be paid any compensation and may not receive any reimbursement of expenses for attending meetings of the county executive committee.

## S U M M A R Y

Precinct committeemen of county executive committees are entitled to neither compensation nor reimbursement of expenses for attending meetings of the county executive committee.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves and William J. Craig
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Hon. Martin Dies, Jr., page 3 (M-629)


James Quick
Alan Minter
Sarah E. Phillips
Jerry Roberts

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant