### ELKINS v. ROBERTS.

Court of Appeals of Kentucky.

Oct. 19, 1951.

Ralph N. Walter, West Liberty, for appellant.

Henry L. Rudd, Mt. Sterling, for appellee.

LATIMER, Justice.

This appeal is from order of the court dismissing the action after having sustained demurrer to petition and amended petition. The petition alleged that Elmer C. Roberts "in the presence of divers persons falsely and maliciously spoke of and concerning the plaintiff, these words, 'Clifford Elkins swore a lie and I am going to indict him for it,' thereby meaning that the plaintiff had committed the crime of false swearing, a felony to plaintiff's damage in the sum of five thousand ($5000.00) dollars."

In amended petition it was alleged: "The plaintiff, before answer, amends his petition, and for amendment thereto says that the false and malicious words set out in his petition were spoken and published by the defendant in the presence and hearing of divers persons. He says that in addition to the allegation of his original petition and by reason of the speaking and publishing of said false and malicious words that he has suffered great mental pain and anguish and has been greatly humiliated, disgraced and mortified by reason thereof."

Appellant is here insisting that a cause of action was stated and the court erred in sustaining the demurrer and dismissing the action.

It is not always easy to determine when an accusation of false swearing has been made sufficiently clear to warrant action for defamation.

In considering the question presented we must keep in mind that there are two classes of actionable words: those slanderous per se, which are presumed by law actually and necessarily to damage the person about whom they are spoken, and those classified as actionable per quod, which on their face are not actionable per se but only in consequence of extrinsic facts show the damages which resulted to the slandered party.

In order to render a charge of false swearing actionable per se it must ordinarily appear that there was some pending proceeding wherein a party could have been sworn by someone having power to administer the oath. An assertion that one has sworn a lie when applied to extrajudicial proceedings is not ordinarily actionable. The courts are not in entire agreement on this question. Some hold that the assertion that one has sworn falsely, with the added threat of indictment, is sufficiently definite.

However, in Kentucky in the early case of Watson v. Hampton, 2 Bibb 319, it was held that the words "he had sworn to a lie" without a colloquium concerning a judicial proceeding are not of themselves actionable.

In Gastineau v. McCoy, 190 Ky. 463, 227 S.W. 801, 802, in dealing with this question it was said: "Thus, to charge a person with having 'sworn a lie' is not per se slanderous; but, when it is alleged that they were spoken with reference to a proceeding in which the plaintiff testified and was sworn, they become slanderous per se."

Appellant contends that the addition of the explanatory statement thereby meaning that the plaintiff had committed the crime of false swearing" was sufficient to meet this test

In Smith v. Mustain, 210 Ky. 445, 276 S.W. 154, 44 A.L.R. 386, it was held in substance that the words, "he swore a lie" with the explanatory statement, "thereby falsely charging this plaintiff with the crime of false swearing", are not actionable per se, unless connected by a colloquium showing that the false swearing referred to took place at a judicial proceeding, or that the person had been legally sworn by an official authorized to administer oaths, and that the signification of the words cannot be enlarged or altered by the addition of an innuendo. See also, Smith v. Mustain, 210 Ky. 445, 276 S.W. 154, 44 A.L.R. 387 and the cases cited therein.

It is next insisted that, even though the original petition should be held insufficient to show the words to have been slanderous per se, the amended petition fully qualifies and meets the test for an action based upon uttered words classified as actionable per quod. The amended petition does not show any damage resulting from the statement made. There is merely the allegation that the plaintiff has suffered great mental pain and has been humiliated, disgraced and mortified. He then prays as in his original petition, which was for general damages, had the words been actionable per se. In the amended petition no circumstancs or extrinsic facts are pleaded which show damages in any amount resulting from the uttered words.

The judgment is affirmed.