## PANGALLO v. MURPHY.

Court of Appeals of Kentucky.
Nov. 2, 1951.

Morrison A. Fordyce, Newport, Gardner Reed, Covington, for appellant.

Lawrence V. Drahman, Newport, for appellee.

CAMMACK, Chief Justice.

This appeal is from a judgment dismissing the appellant's petition after a demurrer had been sustained thereto. The basis of the action was an alleged violation of the appellant's right of privacy.

The appellant alleged that she and her husband and infant children had been renting two furnished rooms on the second floor of a building belonging to appellee for about five months prior to September 9, 1947. The rent was payable in advance on each Tuesday. On the date mentioned she was confined to a hospital because of her pregnant condition. Without her knowledge and consent, and without legal process of any kind, the appellee moved her personal belongings and those of her family to a shed and locked the rooms and refused admittance to her and her family. On September 11th, knowing of her pregnant condition, the appellee visited her at the hospital without her acquiescence and consent and informed her, in the presence of other persons, that he had removed her belongings from the two rooms; had placed her belongings in the shed and had rented the rooms to another person; and he told her she could recover her belongings by the payment of a storage charge. The appellee said further, in the presence of others, that she and her family "were not fit persons to live in his house; that she and her family were filthy and dirty and that the rooms were filthy and dirty and that he didn't want her and her family in the house." Because of the unlawful conduct of the appellee her whole nervous system was upset and she was caused great mental anguish; she had severe headaches and was unable to rest and sleep and it was necessary that she be given sedatives to induce rest and sleep; and "she began to worry and fret due to the statements made by the defendants and that due to the shock to her nervous system she suffered a setback and that her child was born two days later than it was supposed to and she thus suffered greatly in her mind and body and was confined to the hospital two additional days." On motion of the appellee the court struck the part of the petition wherein it was alleged the child was born two days late, because it merely stated a conclusion.

In Brents v. Morgan, 221 Ky. 765, 299 S.W. 967, 55 A.L.R. 964, we held there can be no grant of redress for the invasion of privacy by oral publication. That case is controlling here. In the recent case of Elkins v. Roberts, Ky., 242 S.W.2d 994, there is a discussion of the law applicable to actionable words. Under certain conditions slanderous words are actionable per se. A charge that the words uttered caused mental and physical distress would not fall within that category. In other instances certain words are actionable per quod. These words on their face are not actionable, but may be so in consequence of extrinsic facts showing damage which resulted to the injured party. There was no such allegation in the petition under consideration.

Judgment affirmed.