■ ANYA SONDERS, Appellant, v WILLIAM D. ROOSEVELT, Respondent. — Judgment, Supreme Court, New York County (Grossman, J.), entered May 23, 1983, which dismissed the complaint, affirmed, without costs. ¶ We affirm the order dismissing the complaint for the reasons stated by Special Term. We also note that the recorded telephone conversation of January 13, 1983 is not a note or memorandum in writing subscribed by the defendant in compliance with subdivision a of section 5-701 of the General Obligations Law. Concur — Murphy, P. J., Carro, Milonas and Alexander, JJ.

Kupferman, J., dissents in part in a memorandum as follows: I dissent in part and would modify the judgment of Special Term to the extent of reinstating plaintiff-appellant Sonders' third cause of action seeking specific performance of a contract to purchase an automobile for her, and otherwise affirm. ¶ The purpose of section 5-701 of the General Obligations Law, the Statute of Frauds provision, is "to prevent the perpetration of fraud by assertion of claims not evidenced by a written agreement or by a note or memorandum containing essential terms of the contract between the parties". (*DFI Communications v Greenberg*, 51 AD2d 403, 405, citing *Cohon & Co. v Russell*, 23 NY2d 569, 574.) Here, the record indicates that Sonders tape-recorded a telephone conversation she had with defendant-respondent Roosevelt on January 13, 1983. During the conversation, Roosevelt made the following statement: "Do you want me to buy you a car? All right I'll buy you a car." Although this promise was never embodied in a written contract, a tape recording is of such a permanent nature that it can serve the same purpose and, in so doing, satisfy the Statute of Frauds. Analogously, at least one other jurisdiction has held that a radio broadcast of a taped sermon containing defamatory remarks satisfied the writing requirement for stating a cause of action in libel, rather than slander. (See *First Ind. Baptist Church v Southerland*, 373 So 2d 647 [Ala]; see, also, *Parkman v Hastings*, 259 Ark 59; *Shor v Billingsley*, 4 Misc 2d 857, affd 4 AD2d 1017; Restatement, Torts 2d, § 568, Comment *d*.) Moreover, even if a tape recording does not satisfy the writing requirement of the Statute of Frauds, Roosevelt's promise to buy Sonders an automobile is a contract which could be performed within one year from its making and thus is not subject to a Statute of Frauds defense. (General Obligations Law, § 5-701, subd a, par 1; see *Polykoff Adv. v Houbigant, Inc.*, 43 NY2d 921.)