John DUNLAP, et ux *v.* Joe K. McCARTY, et ux

84-112                                              678 S.W.2d 361

Supreme Court of Arkansas
Opinion delivered November 5, 1984

6

*Guy Jones, Jr.,* for appellant.

*House, Wallace & Jewell, P.A.,* by: *David M. Hargis,* for appellee.

DARRELL HICKMAN, Justice. This appeal concerns a family dispute. Joe McCarty sued his former brother-in-law and his wife, John and Margaret Dunlap, alleging invasion of privacy. McCarty based his lawsuit on two phone calls which occurred in July, 1980. The calls were made by Margaret Dunlap to McCarty's present wife, Bobbye. Bobbye was subsequently joined as a plaintiff. McCarty alleged that several things were said that invaded his privacy. The parties filed numerous pleadings which raised different causes of action and various defenses. Ultimately, it was tried to a Pulaski County jury. The jury returned a finding for the McCartys but assessed no damages. The McCartys did not object to that finding, and it is the Dunlaps who appeal.

The Dunlaps make three arguments: first, that the court was without jurisdiction; second, that there was no substantial evidence to support the jury's verdict; and third, that the suit should have been barred by the statute of limitations. We only address the statute of limitations argument and hold that the action is barred.

In a motion to dismiss, the Dunlaps specifically raised the limitation set forth in Ark. Stat. Ann. § 37-201 (Supp. 1983) which provides:

The following actions shall be commenced within one (1) year after the cause of action shall accrue, and not after: first, all special actions on the case, actions for

criminal conversation, alienation of affection, assault and battery and false imprisonment; second, all actions for words spoken slandering the character of another; third, all words spoken whereby special damages are sustained.

The trial court ruled that the cause of action was not barred by this statute undoubtedly because he considered the action to be one for the tort of invasion of privacy and covered by the three year limitation in Ark. Stat. Ann. § 37-206 (Repl. 1962), which provides for torts not enumerated by § 37-201.

Our rule is that in order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face. *McKim* v. *McLiney*, 250 Ark. 423, 465 S.W.2d 911 (1971). Furthermore, we strictly construe the statute, and if there is any reasonable doubt, we will resolve the question in favor of the complaint standing and against the challenge. See *Jefferson* v. *Nero*, 225 Ark. 302, 280 S.W.2d 884 (1955).

In Arkansas we do not recognize "notice pleadings" only "fact pleadings." ARCP Rule 8. Simply because the complaint said that the action was one for "invasion of privacy" would not make it so; we must look to the alleged facts. See *Bankston* v. *Pulaski County School Dist.*, 281 Ark. 476, 665 S.W.2d 859 (1984).

To determine then whether the action is barred, we look to the complaint itself. The answer is not easy because of the state of the pleadings. The original complaint, filed in August of 1981, alleged only oral communications. The Dunlaps moved to dismiss, raising the defense of the statute of limitations in October of 1981. In February of 1982 the judge denied the motion. On July 28, 1982, the McCartys filed an amended complaint which added Bobbye McCarty as a party and added an allegation of civil conspiracy. The conduct alleged was the two telephone calls and the failure of the Dunlaps to pick up Joe McCarty's son after a visit with McCarty on January 9, 1982. The Dunlaps moved to strike the amended complaint. The judge's ruling on that motion is unclear. In an order he stated:

8

In reference to the "Motion to Strike Amended Complaint: filed herein in behalf of the Defendants, and in reference to the "Motion for Leave to Add Party" filed herein in behalf of the Plaintiff, the Court, having offered the Plaintiff an election between proceeding to the currently scheduled trial (July 12, 1982) with existing parties or continuing and resetting trial of this matter following addition of a new party, understands that the Plaintiff will file herein an amended complaint which will contain an expressed incorporation of the allegations made in earlier complaints and, therefore, both the "Motion for Leave to Add Party" and the "Motion to Strike Amended Complaint" should be granted; . . . .

At trial the judge stated that he would allow evidence of the conspiracy but he only instructed the jury on invasion of privacy. Evidence regarding the visit of McCarty's son was presented to the jury. We cannot discern from the record or the parties' briefs whether the amended complaint as to the new allegations was allowed. No argument is made that the amendment relates back to the original complaint, thus tolling the statute of limitations. See ARCP Rule 15 (c).

The Dunlaps were entitled to a ruling on their motion to dismiss at the point where the statute of limitations was first raised. The pleadings then in existence must be the basis of that ruling. Since the original complaint alleged only oral communications, it should have been barred. In order to arrive at that decision, we have had to examine the nature of the causes of action for defamation and invasion of privacy.

The basis for the claim for invasion of privacy alleged in the original complaint is two telephone calls made in late July 1980 by the Dunlaps to Bobbye McCarty in which the following things were said: Joe McCarty was not given notice of divorce filed against him by his former wife because Joe McCarty was transferring assets out of his former wife's name; the Dunlaps "had something" on Joe McCarty which they would tell Bobbye; and Joe McCarty's retarded son would be delivered to Little Rock and left on his door step. The complaint further alleged that the statements were

## ERRATA

*284 ARKANSAS REPORTS at page 9*

Detach at perforation, moisten the back, and paste over the sixth line of the first full paragraph on page 9 of *Dunlap v. McCarty:*

 *private facts,* which is the publicity of a highly objectionable

made maliciously, invaded the McCartys' right to privacy, destroyed his personal life, humiliated him and exposed him to ridicule and contempt.

There are four kinds of invasion of privacy that are actionable: (1) *appropriation,* which consists of the use of the plaintiff's name or likeness for the defendant's benefit; (2) *intrusion,* which is the invasion by one defendant upon the plaintiff's solitude or seclusion; (3) *public disclosure of private acts,* which is the publicity of a highly objectionable kind, given to private information about the plaintiff, even though it is true and no action would lie for defamation; and (4) *false light in the public eye,* consisting of publicity which places the plaintiff in a false light before the public. See W. Prosser, *The Law of Torts* § 117 (4th Ed. 1971); Restatement (Second) of Torts § 652 et seq. (1977). In *Olan Mills* v. *Dodd,* 234 Ark. 495, 353 S.W.2d 22 (1962), an appropriation case, we recognized the tort of invasion of privacy. If this case does present a claim for invasion of privacy it is invasion of privacy by intrusion. The only case we have had involving that type of invasion of privacy is *Collection Consultants, Inc.* v. *Bemel,* 274 Ark. 223, 623 S.W.2d 518 (1981). It is a case of harrasment by a bill collector and a classic case of invasion of privacy. In ten months the plaintiff received about fifty collection letters and seventy phone calls from the defendant, some to the plaintiff's place of employment and many made at irregular hours.

The Restatement (Second) of Torts § 652 B, Comment b, illustrations (1977), gives five examples of invasion of privacy by intrusion, which are briefly: a reporter takes plaintiff's picture in a hospital room against plaintiff's wishes; a detective looks into plaintiff's windows; a detective wiretaps plaintiff's phones; the defendant examines the plaintiff's bank records for evidence in a civil action; and the defendant, a professional photographer, telephones the plaintiff repeatedly to have her picture made. We find no case where such a cause of action was based on one or two phone calls.

Many courts have dealt with the question of whether only oral communications can constitute invasion of privacy. See 19 A.L.R.3d 1318. Some courts have ruled against

allowing invasion of privacy actions based on purely oral statements. *Grimes* v. *Carter*, 241 Cal. App. 694, 50 Cal. Rptr. 808 (1966); *Pongallo* v. *Murphy*, 243 S.W.2d 496 (Ky. 1951). Other courts have allowed such an action. *Norris* v. *Moskin Stores, Inc.*, 272 Ala. 174, 132 So.2d 321 (1961); *Biederman's of Springfield, Inc.* v. *Wright*, 322 S.W.2d 892 (Mo. 1959). Still other cases deal with the issue but do not resolve it. For example, in *Santiesteban* v. *Goodyear*, 306 F.2d 9 (5th Cir. 1962), the court held that there can be an invasion of privacy by oral statements if accompanied by sufficient publicity. See also*Brown* v. *Colonial Stores, Inc.*, 110 Ga. App. 154, 138 S.E.2d 62 (1964).

Although closely related, invasion of privacy is distinct from libel, slander or defamation. Each of these requires injury to reputation or livelihood. See *Parkman* v. *Hastings*, 259 Ark. 59, 531 S.W.2d 481 (1976); A. B. Hanson, *Libel and Related Torts* § 245 (1969. Since McCarty alleged injury to his marriage and his peaceful home, the action would be more one of invasion of privacy. The privacy tort covers behavior harmful to the plaintiff even though there is no injury to his reputation.

We do not answer the question of whether mere oral communications can be the basis of a claim for invasion of privacy because it is unnecessary to our decision. This is neither a classic case of invasion of privacy by intrusion or one of defamation. But regardless of how we characterize the action it is one for words spoken whereby special damages are sustained, as specifically provided for in § 37-201. Only torts not enumerated in § 37-201 have a three year limitation. The reason there must be a short limitation period for actions based on spoken words is simple: there is no written proof of the claim and such an action ought to be quickly resolved. This effects the underlying purpose of statutes of limitations; that is, to settle claims within a reasonable period of time after they arise and while the evidence is fresh in the witnesses' minds. See 51 Am. Jur. 2d *Limitation of Actions* § 18 (1970).

Since the McCartys' complaint was filed more than one year after the telephone calls were made, it is barred.

Reversed.