The Honorable Stanley Russ State Senator P.O. Box 787 Conway, Arkansas 72032
Dear Senator Russ:
This opinion is being issued in response to your recent question regarding a criminal history record form (Form K29/8/13) that the Department of Health has directed be completed by individuals who wish take an Emergency Medical Technician course. The form includes inquiries regarding both arrests and convictions. On behalf of the Conway Regional Medical Center, you have presented the following question:
 Does the Department of Health's Form K29/8/13 violate the privacy of the individuals who are required to complete it?
It is my opinion that the Department of Health's Form K29/8/13 does not, generally speaking, violate individual privacy. (As explained below, however, there may be instances in which it would be appropriate for the student to withhold the requested information.)
The Arkansas Supreme Court has recognized the protectability of individual privacy interests both on common law tort grounds, see, e.g.,Dunlap v. McCarty, 284 Ark. 5, 678 S.W.2d 361 (1984), and on constitutional grounds, see McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). In order to be protectable on either ground, the privacy interest at issue must be of an extremely personal nature. In addition, if the interest is claimed to be protectable on constitutional grounds, there must be a showing that the harm that would result to the individual as a result of the release of the information in question outweighs the importance of disclosing it.
In my opinion, the criminal history information requested on the Form K29/8/13 does not rise to the level of protectability that has been recognized by the Arkansas Supreme Court for the following two reasons, which will be explained below: (1) Being a matter of public record (unless expunged or sealed, as discussed below), the requested criminal history information is not of an extremely personal nature. (2) The importance to the public and to the Department of Health of releasing this information outweighs any harm that might come to the individual as a result of its release.
Matters of Public Record
Both convictions and arrests are matters of public record and, except under certain limited circumstances, are obtainable by any person at the courthouse which maintains the records, or by any citizen of the State of Arkansas under the Arkansas Freedom of Information Act. A.C.A. §25-19-101 et seq. See Ops. Att'y Gen. Nos. 95-113; 93-329; Hengel v. Cityof Pine Bluff, 307 Ark. 457, 821 S.W.2d 761 (1991).[1]
The limited circumstances under which criminal history information can be withheld are instances in which the individual's record has been expunged or a court has otherwise ordered that the information be kept under seal.
Various Arkansas statutes provide authority under which criminal records may, under the circumstances described in those statutes, be expunged or kept under seal. See, e.g., A.C.A. §§ 5-4-311; 5-64-407; 16-90-601 etseq.; 16-90-901 et seq.; 16-93-303; 16-93-510; 16-93-1207; all as amended by Acts 1995, No. 998; and 9-27-309. Under the authority of those provisions, a person whose criminal record has been expunged or ordered to be kept under seal is entitled to answer negatively to questions on forms regarding the criminal history that is the subject of the order of expungement or seal. Therefore, an individual whose criminal record has been expunged or ordered to be sealed may withhold the information requested on the Department of Health's Form K29/8/13.
Otherwise, however, the individual may validly be required to provide the information, and this requirement will not be deemed an invasion of the individual's privacy.
The Public's Interest in the Information
Licensed emergency medical personnel are endowed with a degree of authority that grants them immediate (and usually unquestioned) access to people's homes and personal effects, as well as access to the controlled drugs that are often required for the treatment of patients. For this reason, the public has a substantial interest in being assured of the veracity and trustworthiness of these licensed personnel.
In order to provide such assurance, the legislature has authorized the Department of Health, through the Emergency Medical Services Advisory Council to promulgate rules for the licensure of emergency medical technicians. See A.C.A. §§ 20-13-207, -208, -209. The Department's requirement that the Form K29/8/13 be completed was issued pursuant to this statutory authority. In addition, the Department has promulgated rules for licensure, among which are certain other requirements that reflect an endeavor, consistent with the Form K29/8/13/ requirement, to see that licensed emergency medical personnel remain free from criminal activity. See, e.g., E.M.S. Rules, Subpart H, No. 1 at p. 25 (Grounds for Discipline), and Subpart I, No. 3(c) at p. 26 (Penalties for Violation). These Department requirements are an attempt to provide the public with certain assurances regarding the emergency personnel in whom the public is obliged to place a certain amount of trust. It is my opinion that the public's interest in receiving such assurances outweighs any harm that might result to the individual as a result of the release of what is already public information about that individual.
For these reasons, I conclude that the Department of Health's Form K29/8/13 does not invade the personal privacy of those individuals who are required to complete it.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
[1] I have previously opined, however, that information compiled by the Arkansas Crime Information Center pursuant to A.C.A. § 12-12-201 et seq.
is not subject to disclosure. See Op. Att'y Gen. No. 91-111.