Ms. Paula G. Pumphrey, Director Department of Community Punishment Two Union National Plaza Building 105 West Capitol, 2nd Floor Little Rock, Arkansas 72201-5731
Dear Ms. Pumphrey:
This official Attorney General opinion is rendered in response to your request, pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion regarding the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 — 107).[1]
More specifically, you state that the Department of Community Punishment (DCP) received a request from a reporter for the Arkansas Democrat-Gazette for "all records pertaining to the termination of a DCP employee who has exhausted all of his administrative appeals." You have provided me with copies of the requested records, and have presented the following questions:
(1) Would all of the records be considered employee evaluation records?
 (2) If the records are employee evaluation records, is there a compelling public interest in their disclosure?
 (3) If the records are not employee evaluation records, how should they be classified and would their release be consistent with the provisions of the FOIA?
 (4) If it is your opinion that the records should be released, what (if any) information may be deleted to protect the privacy of third parties referenced in the records?
RESPONSE
Before responding to your questions, I will list the records that you have provided. They are:
* A letter from the supervisor of the employee in question advising him of his termination
* A letter from the supervisor of the employee in question advising him of his removal from active duty
* A letter of warning to the employee in question from his supervisor
* A file memo written by the supervisor of the employee in question documenting a verbal warning and reprimand that had been given to the employee
* A series of formal performance evaluation forms for the employee in question
* A letter from the supervisor of the employee in question documenting an interview with the employee in question and outlining the details of certain incidents involving the employee in question
* A memo from the supervisor of the employee in question documenting an interview with the employee in question and outlining the details of certain incidents involving the employee in question
* A transcript of a recorded interview with a probationer
* Various letters, memos, and written statements by various individuals outlining the details of incidents involving the employee in question
* A Bench Warrant for the arrest of the employee in question
* A copy of what appears to be three money orders and one cashiers' check
Your questions, addressed below, all refer to the above-listed records.
Question 1 — Would all of the records be considered employee evaluationrecords?
It is my opinion that the following records constitute employee evaluation or job performance records:
* The letter advising the employee in question of his termination
* The letter of warning to the employee in question
 * The file memo by the supervisor of the employee in question documenting a verbal warning and reprimand that had been given to the employee
 * The series of formal performance evaluation forms of the employee in question
 * The letter from the supervisor of the employee in question documenting an interview with the employee in question and outlining the details of certain incidents involving the employee in question
 * The memo from the supervisor of the employee in question documenting an interview with the employee in question and outlining the details of certain incidents involving the employee in question
The FOIA does not define the phrase "employee evaluation or job performance records." I have previously opined that in the absence of a statutory definition, the phrase may reasonably be construed as referring to a record which details the performance or lack of performance of the employee in question with regard to a specific incident or incidents.See, e.g., Op. Att'y Gen. No. 96-033. In light of this construction, this office has held that letters of termination, letters of warning, reprimand, or other disciplinary action, formal performance evaluations, and supervisors' memos and incident reports all constitute employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. Nos.96-258 (letters of termination); 92-207 (letters of warning); 96-033 (letters of reprimand); 96-342 (disciplinary records); 96-271, 94-194 (formal performance evaluation records); 96-033 (supervisors' memos and incident reports).
It is my opinion that the following records constitute employee evaluation or job performance records if they were created as a part of the investigation of alleged misconduct on the part of the employee in question:
* The transcript of a recorded interview with a probationer
 * The various letters, memos, and written statements by various individuals outlining the details of incidents involving the employee in question
I have previously taken the position that records of investigations into employee misconduct (including witness statements) constitute employee evaluation or job performance records if they were, in fact, created as a part of the investigation, for purposes of evaluation. See Op. Att'y Gen. No. 96-257. Although the above-referenced records do appear to have been created as a part of the investigation concerning the employee in question, it is not possible to discern from the face of the documents whether they were, in fact, created as a part of that investigation. I therefore cannot opine definitively as to the appropriate classification of these particular records.
Regarding the appropriate classification of the remainder of the records about which you have inquired, see my response to Question 3.
Question 2 — If the records are employee evaluation records, is there acompelling public interest in their disclosure?
It is my opinion that there is a "compelling public interest" in the employee evaluation records about which you have inquired. They should therefore be disclosed.[2] (However, the social security numbers that are contained in the records should be deleted pursuant to federal law.See 5 U.S.C. § 552a, note, and WATKINS, The Arkansas Freedom ofInformation Act (mm Press 2d ed. 1994) at 22, n. 34. In addition, certain other information should be deleted, as discussed in response to Question 4.)
Your reference to the "compelling public interest" test is a reference to one of the standards of disclosability for employee evaluation or job performance records under the FOIA.
Under the provisions of the FOIA, "employee evaluation or job performance records" are disclosable only if the following three conditions have been met:
(1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
You have indicated that in the situation that gave rise to your inquiry, there has been a termination and all administrative appeals procedures have been completed. Therefore, the first requirement for disclosability has been satisfied. You have not indicated whether the records in question formed a basis for the termination, nor is that information discernible from the face of the records. The records cannot be disclosed unless this requirement has been satisfied. The question of whether the records formed a basis for the termination is one that can undoubtedly be answered readily by those who made the decision to terminate. Assuming that these records did form a basis for the termination in question, they can then be disclosed only if there is a "compelling public interest" in their disclosure.
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor John Watkins, a recognized commentator on the Arkansas Freedom of Information Act, has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act
(mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
It appears from the face of the records that the employee in question was alleged to have engaged in conduct that was both illegal and constituted a breach of trust. For this reason, I conclude that the public's interest in the records reflecting such conduct is compelling. The records should therefore be disclosed, with Social security numbers and other information discussed in response to Question 4 deleted.
Question 3 — If the records are not employee evaluation records, howshould they be classified and would their release be consistent with theprovisions of the FOIA?
It is my opinion that the following records do not constitute employee evaluation or job performance records:
* The letter advising the employee in question of his removal from active duty
* The copy of the Bench Warrant for the arrest of the employee in question
I have previously opined that disciplinary letters constitute employee evaluation or job performance records only if they contain substantive statements of the reason for the disciplinary action. See Op. Att'y Gen.96-258. If no such substantive statement is included, the letter constitutes a personnel record. With regard to the instant case, the letter advising the employee in question of his removal from active duty does not state the reason for the employee's removal from active duty. Accordingly, I must conclude that this letter constitutes a personnel record, rather than an employee evaluation or job performance record.
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court has adopted a balancing test. The court stated in Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992):
 The fact that section § 25-19-105(b)(10) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(10) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(10) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Young, 308 Ark. at 598.
In my opinion, the public's interest in the letter advising the employee in question of his removal from active duty outweighs any individual privacy interest that the employee might have in any information contained in the letter. In this regard, I might also note that I have consistently taken the position that the fact that the subject of the records may consider the release of the records to be a clearly unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen.94-198, 94-178 and 93-055. See also WATKINS, The Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) at 126.
It is unclear whether the Bench Warrant should be classified simply as a public record or as a personnel record. Unless the Bench Warrant has been placed under seal by a court order, a copy of it would be readily obtainable from the court clerk's office. The fact that a copy of it has been placed in an employee's personnel file does not raise it to the status of "personnel record." Nevertheless, even if the Bench Warrant is classified as a personnel record, it is, in my opinion, disclosable. Professor Watkins specifically lists legal documents such as subpoenas among the records that are appropriately classified as "personnel records." See WATKINS, Arkansas Freedom of Information Act (mm Press, 2d ed. 1994) 125-26. Moreover, in Hengel v. City of Pine Bluff,307 Ark. 457, 821 S.W.2d 761 (1991), the Arkansas Supreme Court cited Professor Watkins, supra, for the proposition that even though reputational and privacy interests may be implicated by the disclosure of arrest records, those interests are outweighed by the strong public concern with official government action that marks the beginning of the criminal justice process. Hengel v. City of Pine Bluff, 307 Ark. 457, 821 S.W.2d 761
(1991). Accordingly, the court held that arrest records are subject to disclosure under the FOIA. Hengel, 307 Ark. at 461, citing WATKINS,Arkansas Freedom of Information Act (1988 ed.) 72.
For these reasons, I conclude that the Bench Warrant for the arrest of the employee at issue in your questions may be released to the public.
I am unable to classify the one remaining record: the copy of the three money orders and one cashiers' check. On its face, this record reflects nothing about the employee in question. It therefore cannot be classified as either a personnel record or as an employee evaluation or job performance record. Nor can I discern from the face of the record the basis for any other exemption from disclosure under the FOIA. I therefore conclude that this record may be released to the public.
Question 4 — If it is your opinion that the records should be released,what (if any) information may be deleted to protect the privacy of thirdparties referenced in the records?
It is my opinion that all references to medical treatment or medication should be deleted under A.C.A. § 25-19-105(b)(2).
In addition, certain other information, including the name of the probationer discussed in many of the records (as well as other third parties' names), may need to be excised in order to protect constitutional privacy interests. However, I must note that I am not privy to certain information that is necessary to a conclusive analysis regarding this matter, and the final determination must be made by the custodian of the records.
The Arkansas Supreme Court has recognized the protectability of individual privacy interests both on common law tort grounds, see, e.g.,Dunlap v. McCarty, 284 Ark. 5, 678 S.W.2d 361 (1984), and on constitutional grounds, see McCambridge v. City of Little Rock,298 Ark. 219, 766 S.W.2d 909 (1989). In order to be protectable on either ground, the privacy interest at issue must be of an extremely personal nature. In addition, if the interest is claimed to be protectable on constitutional grounds, there must be a showing that the harm that would result to the individual as a result of the release of the information in question outweighs the importance of disclosing it. Id.
The McCambridge court set forth a three-part test for determining whether information is sufficiently private to be protectable on constitutional grounds. The court held that a constitutional privacy interest applies to matters that (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Clearly, these three prongs of the test raise factual questions that I am unable to answer. For example, I cannot determine from the face of the records whether statements given by witnesses regarding such matters as personal relationships and alleged criminal activity were given voluntarily, or with an expectation that the information would not be disclosed. Moreover, I am clearly unable to discern the extent to which any such information may have previously been disclosed or kept private, or the harm that might be caused to the individuals in question by its disclosure.
With regard to the third parties who are referenced in the various records under consideration, the custodian of the records must evaluate the possible privacy interests under the McCambridge court's three-part test, deleting names, references to personal relationships, references to criminal activity, and any other information that it determines to be protectable under that test.
Finally, it should be noted that in making its disclosure decisions, the custodian of the records should consider all other exemptions from disclosure that are set forth in the FOIA. See A.C.A. § 25-19-105(b).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] My authority under § 25-19-105(c)(3)(B) is to review the decision of the custodian of the records with regard to the release or withholding of personnel or evaluation records. Section 25-19-105(c)(3)(B) permits the subject of the records to seek an opinion from the Attorney General concerning whether the decision of the custodian is consistent with the FOIA. It does not appear in this instance that the custodian has made an initial decision as to the disclosability of the records; rather, I have been asked to make the initial determination. I will, nevertheless, set forth the applicable legal analysis that should be considered by the custodian. The custodian, however, has the responsibility for initial review and determination, subject to my review if requested.
[2] It is also my opinion, as discussed hereinafter, that the records which do not constitute employee evaluation records should be disclosed.