FRANCIS B. PEABODY, Receiver,

*v.*

THE NEW ENGLAND WATER-WORKS COMPANY *et al.*

and

SAME *v.* UNITED WATER-WORKS COMPANY *et al.*

*Opinion filed February 19, 1900—Rehearing denied April 13, 1900.*

1. RECEIVERS—*receiver represents not only corporation but creditors.*
A receiver appointed to wind up the affairs of a corporation represents not only the corporation but its creditors, and in the latter capacity he is invested with powers and may do acts that could not be done by a mere representative of the corporation.

2. SAME—*when the receiver may open judgment against a corporation.*
A receiver appointed, under the statute, to wind up the affairs of a corporation, may, at the same term at which a judgment against the corporation, obtained by collusion, was entered, have such judgment opened and be allowed to defend, where the effect of such judgment is to diminish the estate in his hands or which may properly come to him and prevent the proper disposition of the estate to those equitably entitled thereto.

CARTWRIGHT, C. J., and BOGGS, J., dissenting.

*Peabody* v. *New England Water-Works Co.* 80 Ill. App. 458, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. C. G. NEELEY, Judge, presiding.

RUNNELLS & BURRY, for appellant.

OTIS H. WALDO, and WILSON, MOORE & McILVAINE, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The principal question presented on this record is whether a receiver of a corporation, after whose appointment judgments are obtained against the corporation in favor of third parties, occupies such a relation that, for

the protection of the corporation and creditors, he may appear and move to re-open the judgments and allow a defense. The question was held adversely to the receiver by both the circuit and Appellate Courts, and hence this appeal.

We take from the opinion of the Appellate Court a partial statement of the facts of the case: "Appellant was, May 1, 1895, appointed receiver of the American Water-Works Company of Illinois in a proceeding, under section 25 of the Corporation act, to wind it up, begun in the circuit court. April 10, 1897, each of the appellees began suits in assumpsit in the same court, on the law side, against the corporation. It on the same day entered its appearance, waived a jury and practically consented to judgments in favor of the appellees,—in favor of the New England Water-Works Company of $242,795.50 and in favor of the United Water-Works Company of $6188.62. April 17, 1897, and during the same term, the receiver, appellant here, entered a motion in each of the law cases to vacate the judgments, for leave to plead, and to make defense on behalf of the corporation in his name as receiver, or otherwise, which was denied. On the hearing of these motions the receiver presented affidavits tending to show, and for the purposes of this decision it may be conceded did show, a good defense to each of the suits, in part, at least, that the judgments were unjust as against the insolvent corporation, and that they were entered by collusion between the appellees and the officers of the defendant corporation."

By section 25 of the Corporation act it is provided: "And courts of equity shall have full power, on good cause shown, to dissolve or close up the business of any corporation, to appoint a receiver therefor, who shall have authority, by the name of the receiver of such corporation (giving the name,) to sue in all courts and do all things necessary to closing up its affairs, as commanded by the decree of such court,"

The provisions of section 25 are not intended to limit the powers of a receiver appointed under the chancery practice, but to extend the powers of the court in the matter of the causes which shall be deemed sufficient to authorize the appointment of a receiver and the causes for which the affairs of a corporation may be closed up. A receiver is to be regarded as the representative not only of the corporation, having power of asserting its rights, taking its title and subject to its liabilities, but occupies a still broader position, for he represents not only the corporation but also its creditors, and under his duties as the representative of the latter class he is invested with powers and may do acts that could not be done by a mere representative of the corporation. It is said in Gluck & Becker on Receivers (p. 177): "The receiver of an insolvent corporation, while, as a general rule, he is to be regarded as the representative of the corporation, asserting its rights, taking its title and subject to its liabilities, in one respect occupies a broader position, and represents not only the corporation but also the creditors, and when in any proceeding he occupies exclusively the latter *status*, he may do, and under some circumstances must do, many things which, if his acts were strictly limited to those of a representative of a corporation, he could not do. * * * He may file exceptions to the report of a referee appointed to take proof of claims, and for that purpose represents not only the corporation, but he stands as a trustee of its funds for all creditors, and may intervene to see that no injustice is done to any one."

In *Whittlesey* v. *Delaney*, 73 N. Y. 571, it was held that a corporation having become insolvent, its receiver, as the representative of creditors, has the capacity to make the objection that a judgment against the corporation by confession was not obtained in such a manner as to be binding upon the corporation. To the same effect is *Stokes* v. *New Jersey Pottery Co.* 46 N. J. L. 237.

In *Pittsburg Carbon Co.* v. *McMillan*, 119 N. Y. 46, it was held: "It is claimed that no action could have been maintained by the trustee, representing the trust combination, against the Brush Electric Light Company, to recover the purchase price of the carbons, for the reason that the illegality of the combination would have constituted a good defense. Assuming this predicate, it is asserted that the receiver stands in the same position and that his title is subject to the same infirmity as that of the combination which he represents. Without considering the assumption upon which his proposition is based, it is a sufficient answer to the proposition asserted, 'that the receiver unites in himself the right of the trust combination and also the right of creditors, and that he may assert a claim as the representative of creditors which he might be unable to assert as a representative of the combination, merely.' The general rule is well established that a receiver takes the title of the corporation or individual whose receiver he is, and that any defense which would have been good against the former may be asserted against the latter. But there is a recognized exception which permits the receiver of an insolvent individual or corporation, in the interest of creditors, to disaffirm dealings of the debtor in fraud of their rights. Assuming that the trustee could not have recovered of the Brush Electric Light Company for the reasons suggested, it would be a very strange application of the doctrine that no right of action can spring from an illegal transaction which should deny to innocent creditors of the combination, or to the receiver who represents them, the right to have the debt collected and applied in satisfaction of their claim." To the same effect are *Moise* v. *Chapman*, 24 Ga. 249, and *Hamor* v. *Taylor-Rice Engineering Co.* 84 Fed. Rep. 393. In the latter case it is said: "The receivers, representing both the creditors and the defendant, have the right to assert any defense to which the creditors, in contradistinction to the defendant, are entitled."

In *Republic Life Ins. Co.* v. *Swigert*, 135 Ill. 150, it was said (p. 167): "We understand the rule to be, that where a receiver is appointed for the purpose of taking charge of the property and assets of a corporation, he is, for the purpose of determining the nature and extent of his title, regarded as representing only the corporate body itself, and not its creditors or shareholders, being vested by law with the estate of the corporation, and deriving his own title under and through it, and that for purposes of litigation he takes only the rights of the corporation such as could be asserted in its own name, and that upon that basis only can he litigate for the benefit of either shareholders or creditors." The opinion in the last mentioned case then proceeds to discuss the power of a receiver, and holds that, so far as the title of the property is concerned, the power of the receiver is solely and only a power with reference to the corporation. The opinion then further holds (p. 177): "But so far as his powers are derived from a statute or from a lawful decree of court, and the powers do not involve rights which, at the time of his appointment, were vested in such owners, he is not merely their representative, but is the instrument of the law and the agent of the court which appointed him. Such right and authority as the law and the court rightfully give him he possesses, and in respect to such right he is not circumscribed and limited by the right which was vested in and available to the owners."

In *Knights* v. *Martin*, 155 Ill. 486, the court said (p. 489): "This was a motion to quash an execution issued upon a judgment confessed in vacation and to set aside the judgment. Shortly after the judgment was confessed the judgment debtor executed to appellee a deed of assignment of all his property for the benefit of his creditors. The motion was made in the name of the judgment debtor and his assignee, but before decision the debtor formally withdrew the motion as to himself and it was afterwards prosecuted by the assignee." The motion was denied.

The court then further say: "Appellants contend that appellee was not a proper party to make this motion, which was made under section 65 of chapter 110 of the Revised Statutes. The assignee takes the same interest and title in the assigned estate that his assignor possessed, and his title will be subject to all the equities that existed in respect thereof in the hands of the assignor, and he may do whatever his assignor might have done in respect of the assigned property if no assignment had been made. * * * We are of the opinion that the relationship of the assignee to his assignor and to the assigned estate is such that he may be considered a proper party to make this motion, notwithstanding the rule that no one but a party to a judgment or execution can move to set aside a judgment or quash the execution."

The receiver in this case was appointed under the provisions of section 25 of the act with reference to corporations, which statute authorizes him to close up the business of the corporation and do all things necessary to that end, to sue in all courts, etc. The decree under which he was appointed directed: "That any and all officers, agents, attorneys, servants and employees of said defendant, and any and all parties having in their possession or under their control any of the property or assets of the defendants, immediately surrender all such property and assets to the receiver hereinbefore named, and that they, and each and all of them, refrain from in any manner intermeddling with said property or withholding possession thereof from such receiver; and they, and each of them, are hereby enjoined from any and all attempts to withhold or conceal any of said property from said receiver, and from contracting any liabilities in the name or on behalf of said defendant Illinois corporation, or of using its name for any purpose or in any proceeding; and all parties having any claims against said defendant Illinois corporation are hereby directed to present the same in this proceeding for adjudication."

It is absolutely necessary in closing up the business of a corporation, as provided by the foregoing provision of the statute, that there must not only be a collection of the debts owing to it, but there must be a determination as to the debts due from the corporation before the court can equitably distribute the funds of the corporation in the payment of debts. In this case, having in view the proper distribution of the funds of the corporation, the court, by its decree, specifically directed that all persons should refrain from interfering with the property or withholding possession thereof from the receiver, and that the defendant and others should be "enjoined from any and all attempts to withhold or conceal any of such property from said receiver, and from contracting any liabilities in the name or on behalf of said defendant, * * * or using its name for any purpose or in any proceeding." The officers of this corporation, under this decree, were prevented from the execution of promissory notes, and from doing any act increasing the liability of this corporation, by which the assets in the hands of the receiver should be diminished or destroyed.

The circumstances under which the promissory note for which this judgment was rendered was given are strongly indicative of fraud and collusion. The judgment is prejudicial to the estate in the hands of the receiver. By it the estate would be diminished and the amount in the hands of the receiver for the payment of valid claims would be greatly lessened. One of the appellees is the chief stockholder in both of the corporations. As a stockholder in the corporation in whose favor a judgment was rendered he becomes the chief beneficiary by that judgment, and through his action there is effected a change in the character of the estate coming to the hands of the receiver and for his own benefit. To hold that the receiver, in such a case, should not be permitted to appear and contest a judgment collusively entered into, would be denying him the power of properly clos-

ing out the business of the corporation, collecting its assets and distributing the estate to those equitably entitled thereto.   We are of opinion that where there is fraud and collusion in obtaining judgments against a corporation for which a receiver has been appointed, the effect of which judgments will be to diminish the estate in the receiver's hands or which should properly come to him, or which would prevent its proper distribution to those equitably entitled thereto, the receiver has such a standing in court with reference to the estate that for the purpose of closing out the estate he may appear and collect what is properly owing to the corporation, and defend not only the corporation, but protect its creditors and stockholders from collusive and fraudulent judgments.

We are of opinion that it was error in the Appellate Court for the First District and in the circuit court of Cook county to hold that the receiver had no such relation to this proceeding that he could appear and move to set aside the judgments.   Entertaining this view of the case, we deem it unnecessary to discuss the question as to the right to file counter-affidavits on this motion.

The judgment of the Appellate Court for the First District and the judgment of the circuit court of Cook county are each reversed and the cause is remanded.

*Reversed and remanded.*

CARTWRIGHT, C. J., and BOGGS, J., dissenting.