CASE 113—ACTION BY THE RECEIVER OF THE INDUSTRIAL MUTUAL DE-
POSIT COMPANY AGAINST A. P. TAYLOR, TO RECOVER MONEY PAID
PREFERENTIALLY IN CONTEMPLATION OF INSOLVENCY.—OCTOBER 26.

# Industrial Mutual Deposit Co.'s Receiver v. Taylor.

APPEAL FROM FAYETTE CIRCUIT COURT—WATTS PARKER, CIRCUIT
JUDGE.

DEMURRER TO PETITION SUSTAINED AND PLAINTIFF APPEALS.—REVERSED.

INSOLVENT CORPORATIONS—PREFERRING CREDITORS—RECEIVER MAY SUE.

The receiver of an insolvent corporation, appointed in a liqui-
dation suit against such corporation, may maintain an action,
when so ordered by the court appointing him, against the cor-
poration and its creditor whom it has, in contemplation of in-
solvency, preferred over other creditors, contrary to Ky. St. 1903,
secs. 1910, 1911.

JAMES G. DENNY AND B. T. SOUTHGATE, ATTORNEYS FOR APPEL-
LANT.

Our contention is that the receiver of this corporation not only
represents the corporation from which he derives his title, but
under the allegations of the petition he is made the represen-
tatives of the creditors of the concern, the trustee of its assets,
and as such he is entitled to sue for and recover all moneys
illegally and fraudulently misapplied or perverted by the com-
pany's officers and agents.

### AUTHORITIES CITED FOR APPELLANT.

Beach on Receivers (Alderson's Edition); Sec. 298, p. 297;
Pittsburg Carbon Company v. McMillan, 7 L. R. A., 46; Gillett
v. Moody, 3 N. Y., 479; Porter v. Williams, 9 N. Y., 142; Curtis
v. Leavitt, 15 N. Y., 908; Smith on Receiverships, sec. 237, p.
406; Freeland v. Freeland, 102 Mass., 475; Kilbourne v. Fay, 29
Ohio St., 264; Hallowell v. Bayliss, 10 Ohio St., 264;
Waters v. Dashiel, 1 Md., 455; Swift v. Thompson,
9 Conn., 637; Palmer v. Thayer, 28 Conn., 237; European, &c.,
N. A. R. Co. v. Poor, 59 Me.; Statton v. Pittman, 2 Gratt, 26; Mon-
cure v. Hanson, 15 Penn., 385; Atkinson v. Rochester Printing
Co., 114 N. Y., 168; Vail v. Hamilton, 85 N. Y., 453; Attorney

Gen'l. v. Guardian, Mutual Life Insurance Company, 77 N. Y., 272; Southard v. Denner, 72 N. Y., 424; Hoyle v. Plattsburg & M. R. Co., 54 N. Y., 314; McMahon v. Allen, 35 N. Y., 403; Robertson v. Bank of Utica, 21 N. Y., 406; Brouer v. Hardeck, 9 N. Y., 589; Leavitt v. Delauney, 4 Sandf. Ch., 281; Graham Button v. Spellman, 50 N. J. Eq., 120; Paine v. Lake Erie & L. & R. Co., 31 Ind., 353; Drury v. Milwaukee & S. R. Co., 103 U. S. 651; Farmers' Loan and T. C. v. Indianapolis Engine Machine Works, 35 Min., 543; High upon Receivers, sec. 320; Osgood v. Layton, 3 Keyes. 521; Ray, Receiver v. First National Bank of Louisville, vol. 23 Ky. Law Rep., p. 717.

HOBBS & FARMER, ATTORNEYS FOR APPELLEE.

    (No brief.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant's petition was dismissed on demurrer. He alleged that he had been appointed and qualified as receiver of the Industrial Mutual Deposit Company in an equitable action pending in the Fayette circuit court, and by order of that court directed to sue to recover all money and property belonging to the corporation, or which it had paid out during the past six months. It was alleged that the corporation was insolvent at the time of the appointment of the receiver, and had been for six months prior. The nature of the action in which the receiver was appointed does not appear, other than it was a suit in equity against an insolvent corporation. The cause of action set up against appellee by the receiver in this suit is to recover certain sums from appellee, alleged to have been paid to him as a creditor of the corporation during the six months next before the suit was filed, paid while the corporation was insolvent, and to prefer appellee over others of its creditors, in contemplation of its insolvency. The demurrer is said to have been sustained upon the idea that the receiver could not maintain this action.

At the common law, preferential payments by a debtor to his creditor, even in contemplation of insolvency, were not illegal. They were not only good as between the parties, but as against the debtor's other creditors. By statute in this State (section 1910, Kentucky Statutes, 1903) it is enacted that every sale, mortgage, or assignment made by debtors, and every judgment suffered by any defendant, or any act or device done or resorted to by a debtor in contemplation of insolvency, and with the design to prefer one or more creditors to the exclusion, in whole or in part, of others, shall operate as an assignment and transfer of all the property and effects of such debtor, and shall inure to the bene fit of all his creditors (except as otherwise therein provided) in proportion to the amount of their respective demands, including those which are future and contingent. By section 1911, Kentucky Statutes, all such transfers are declared to inure to the benefit of creditors generally, subject to the control of courts of equity upon the petition of "any per- son interested," filed within six months after the preferen- tial act. The title of the chapter in which these sections are contained is "Fraudulent and Preferential Conveyance." Whether or not it be fraudulent for an insolvent, in contem- plation of his insolvency, to prefer one of his creditors to others, it is, to say the least of it, regarded by the statute as an unjust act, and its intended effect is frustrated by operation of the law. It is illegal, because it seeks to do what the statute is aimed to prevent. It is not accurate to say it is valid till attacked. On the contrary, it is invalid as to creditors from the beginning, and continues to be until the action for relief from it is barred by the statute, just as fraudulent conveyances, under the first article of the chapter, are invalid till by the lapse of time a bar is inter- posed to suits to avoid them. In each transaction it is good

as between the parties to it, as the saying is, not because it is favored by law at all, but because the law will not lend itself to relieve either party from his own fraudulent or culpatory act.

It does not appear whether the receiver of this insolvent corporation was appointed in a suit brought pursuant to sections 1911, 1912, Kentucky Statutes, 1903, allowing actions by any one in interest to be begun within six months from the preferential act. If he was, then by section 1913 he is expressly authorized to maintain an action to recover from the creditors of the insolvent and other persons moneys paid out within six months of the cause of the original action. It may be fair, however, in the absence of allegations showing affirmatively such right in the receiver, to construe his pleading, wherein it is silent, as not bringing him within those provisions.

The question then recurs, can the receiver of an insolvent corporation, appointed in a liquidation suit against the corporation to reserve its assets, maintain an action, when ordered by the court appointing him to bring it, against the corporation and its creditors whom it has, in spite of the statutes above cited, preferred over other creditors in contemplation of its insolvency? Admittedly, the corporation could not maintain the suit. But the receiver represents more than the corporation. For certain purposes he represents it too. But the very purpose of his appointment was to bring into play rights hostile to the continued existence of the corporation. He represents the State, as well as the creditors and stockholders of the corporation. Wherein their rights, and those of the corporation as a legal entity, are in conflict, he peculiarly represents creditors, and ultimately stockholders. If the corporate officers have fraudulently or illegally diverted its funds, so that they have been made to

flow in different channels from their lawful ones, tending to the loss of its creditors or stockholders, it is his business to reclaim them; to carry out the legal obligations of the corporate contract to creditors and stockholders to fairly and justly administer its assets to the liquidation of their lawful demands.    Every corporation impliedly agrees with every person becoming its creditor that it will observe the laws of its existence enacted to secure the certain payment of its debts, and will honestly apply its assets to that end.    Its breach of this implied undertaking is actionable if damage flows from it to any creditor.    When the nature of the breach is such that it affects the rights of all creditors, of course all are entitled to the same remedy.    But where those primarily appointed to conserve the rights of creditors, namely, the directors, and then stockholders, have refused or fail for such time as to amount to their refusal, to bring appropriate action, or have themselves so acted that they can not bring it, to recover the diverted assets, manifestly some remedy is open to the injured creditors.    The one most direct, simple, and efficacious is that of appointing a receiver for the recreant corporation, who will do what it will not or can not do, and which its creditors under the law are entitled to have done, to-wit, administer its assets so as to carry out the original agreement implied in its organization, and to pay them out ratably to all equally entitled to them.    This is the practice in nearly every jurisdiction in this country. The adjudged cases allowing the receiver to maintain such actions are well-nigh unanimous.  Consequently, it is held that the receiver of an insolvent corporation, appointed in equity to wind up its affairs for the benefit of its creditors, may impeach or repudiate illegal or voluntary transfers and conveyances of its property, and sue to recover the diverted assets, even though the corporation itself might not have

been allowed to do so. As the receiver in that case acts for the creditors, his action, to every intent, may be deemed theirs for that purpose. For that reason it is generally held that where a receiver has been appointed and authorized to act in recovering such property, the creditors may not do so. We are unable to distinguish between the principle which allows a receiver to maintain such an action to recover property fraudulently disposed of by the corporation in violation of the rights of its creditors, and one to recover property by reason of our statute against preferences in contemplation of insolvency, which holds the property so disposed of subject to all the debts of the insolvent debtor if the conveyance be attacked within six months from its occurrence or of its being recorded. In each instance the act of the insolvent corporation (which it itself could not avoid) is impeached by the representative of all the creditors, acting in their behalf. The following cases, selected from a great number, will fairly illustrate the extent of the principle on which the action is allowed: Peabody v. New England Waterworks Company, 184 Ill., 625, 56 N. E., 957, 75 Am. St. Rep., 195; Franklin National Bank v. Whitehead, 149 Ind., 560, 49 N. E., 592, 39 L. R. A., 725, 63 Am. St. Rep., 302; National State Bank v. Vigo Co. National Bank, 141 Ind., 352, 40 N. E., 799, 50 Am. St. Rep., 330; Mandeville v. Avery, 124 N. Y., 376, 26 N. E., 951, 21 Am. St. Rep., 678; Porter v. Williams, 9 N. Y., 142, 59 Am. Dec., 519; Leavitt v. Palmer, 3 N. Y., 19, 51 Am. Dec., 333, note.

It is stated in argument that the learned circuit judge felt constrained by the opinion of this court in Ray, Receiver, v. First National Bank of Louisville, 111 Ky., 377, 63 S. W., 762, 23 Ky. Law Rep., 717, to decide that the receiver could not maintain this action. Toward the close of that opinion

there appears an expression seeming to negative such right in the receiver. It is not clear that this court intended to decide that point, if it was involved in the case. Certain paragraphs in the petition which seem to have been treated by the pleader and the court of minor importance may have raised some such question, but they were stricken out by the lower court. This court did not discuss the action of the lower court in compelling the election between the paragraphs of the petition. The sole question decided was whether the paragraph which was selected by the appellant as containing its cause of action was sufficient. It was alleged that the bank and the defunct insurance company had entered into an unlawful conspiracy to deceive the Insurance Commissioner of Kentucky by the bank's falsely certifying that the insurance company had on deposit with it a certain amount of money so as to show it to be solvent, and to get the Commissioner's consent for the company to continue business, and that, in pursuance, the bank did falsely certify that the insurance company had over $200,000 on deposit, whereby the company was licensed to engage in its business of taking insurance obligations, and became involved to creditors more than it could pay by some $300,000, and in consequence failed; that a part of this scheme was effectuated by the bank's pretending to loan a certain sum, about $60,000, to the insurance company, but which was in reality not done, the pretense being for the fraudulent purpose of aiding in the deception alluded to. The receiver was appointed to wind up its affairs, and was authorized to bring suits to recover its property, etc. The receiver sued to compel the bank to pay over to him for the benefit of the insolvent insurance company's creditors the $60,000 pretended to have been loaned to it by the bank. The sharp distinction between the cases is this: In the Ray case the re-

ceiver was suing to recover something that the corporation
for which he was appointed never in fact owned, and never
in truth had any right to recover from any one.  Here the
receiver sues to recover property that the corporation did
own, and which it has illegally diverted.  While it is true
the receiver of a corporation in liquidation in equity rep-
resents its creditors as against it and those liable to it, his
rights are such only as are derived·through the corporation.
They are confined to such as the corporation at one time
had, and by reason whereof the creditors had also a right
therein.  But where persons have ground of complaint
against another for fraudulently inducing them to credit a
corporation, or for giving it fictitious standing, their right
of action is in no sense corporate property, and never was.
Consequently it could not pass either to the corporation's
assignee or receiver.

The judgment of the circuit court is reversed, and cause
remanded with directions to overrule the demurrer to the
petition, and for further proceedings not inconsistent here-
with.