Thelma MARTIN and Norma ENGLISH
*v.* CITIZENS BANK OF BEEBE, ARKANSAS
and Darrell HALL

84-99                                              671 S.W.2d 754

Supreme Court of Arkansas
Opinion delivered July 9, 1984

*Hughes & Hughes,* by: *Thomas M. Hughes* and *Teresa L. Hughes,* for appellants.

*Lance L. Hanshaw,* for appellees.

RICHARD B. ADKISSON, Chief Justice. This is the second suit involving these parties. The suits involved two certificates of deposit issued by appellee, Citizen's Bank of Beebe. The certificates were purchased by Frances Quattlebaum, aunt of the present appellants, Thelma Martin and Norma English. After the death of Frances Quattlebaum, a dispute arose between her estate and the present appellants as to the ownership of the proceeds of the certificates.

In the first case, the administrator of the estate filed a suit for declaratory judgment to determine the ownership of the certificates. In answer to the suit, appellee bank filed a "Complaint to Interplead" the proceeds from the certificates and asked to be relieved from any liability to the parties. On appeal this Court held that the certificates of deposit designating appellants as co-owners issued by appellee bank did not create a right of survivorship in them. *Martin* v. *First Security Bank,* 279 Ark. 273, 651 S.W.2d 70 (1983).

Appellants then brought the present suit against appellees alleging breach of contract, negligence, constructive fraud, and unjust enrichment in preparing and handling the certificates of deposit. Appellees answered by

specifically pleading that these issues should have been adjudicated in the prior suit, and the appellants are now barred by the doctrine of res judicata from litigating them in this independent action. Upon appellees' motion the trial court granted summary judgment stating that the appellants "are now barred by the doctrine of res adjudicata." On appeal we affirm.

Appellants initially argue that the "Complaint for Interpleader" filed in the first suit was not an interpleader pursuant to ARCP Rule 22. Rule 22 provides that, "A defendant. . .may obtain such interpleader relief by way of a cross-claim, third party complaint or counterclaim." Therefore, in order to effectuate this interpleader against the present appellants, it was necessary for the appellees to file a cross-claim. It is a well settled rule of law that a pleading will be judged by what it contains. *Beam* v. *Monsanto Co., Inc.* 259 Ark. 253, 532 S.W.2d 175 (1976). Appellees' complain for interpleader stated that appellees had no interest in the certificates, requested permission to deposit the funds in the registry of the court or hold them subject to the orders of the court, and asked that it be dismissed from any liability to the parties. Appellees' request for a discharge from the proceedings and judicial protection against further claims constitutes a seeking of "affirmative relief" against the parties sufficient to be termed a cross-claim against the co-defendants, appellants herein. In the original suit the parties, the trial court, and this Court on appeal accepted the pleadings as an interpleader without objection.

The doctrine of res judicata is based on the assumption that the litigant has already had his day in court. *Dickerson* v. *Union National Bank of Little Rock,* 268 Ark. 292, 595 S.W.2d 677 (1980). To apply the doctrine, it must appear that the particular matter involved was raised and determined or that it was necessarily within the issues which might have been litigated in the previous action. *May* v. *Edwards,* 258 Ark. 871, 529 S.W.2d 647 (1975). From the time that appellees filed the "Complaint for Interpleader," appellants were on notice of appellees' request for relief. It was at this time that it became incumbent on the present appellants to state any claim which, at the time of the pleadings, they had against their adversaries. ARCP Rule 13 (a). Therefore, by not filing a claim against the appellees in the first suit, appellants were

barred by the doctrine of res judicata.

Finally, appellants argue that they were not properly served with process on the cross-claim for interpleader and, consequently, the trial court lacked personal jurisdiction of appellants. *Smith* v. *Edwards,* 279 Ark. 79, 648 S.W.2d 482 (1983). However, that issue was not raised in the original suit and was, therefore, waived. *Strahan* v. *The Atlanta Nat. Bank of Atlanta, Texas,* 206 Ark. 522, 176 S.W.2d 237 (1943).

Affirmed.

DUDLEY, J., not participating.