Gerald MOELLER, G. W. PHELPS and E. D. BERTELL
*v.* THEIS REALTY, INC.

CA 84-138                                          683 S.W.2d 239

Court of Appeals of Arkansas
Division II
Opinion delivered January 23, 1985

*Bridges, Young, Matthews, Holmes & Drake,* for appellants.

*Taylor, Vandergriff & Morris,* for appellee.

JAMES R. COOPER, Judge. On October 10, 1979, the appellants entered into an Exclusive Listing Contract with the appellee. The listing agreement was to expire January 10, 1980. The listing agreement provided that the appellee "shall have the sole and exclusive right to sell said property." It further provided that "if the property be sold or otherwise disposed of by agent or any other person, association or corporation or owner during the period of this contract, Owner agrees to pay Agent a professional fee of ten percent of the gross amount of the sale." On December 28, 1979, the appellants executed a lease agreement between themselves, as lessors, and Ratliff Brothers. The lease was for three months, commencing on January 1, 1980, and ending March 31, 1980. The lease included an option to purchase which was effective during the term of the lease. Ratliff Brothers exercised the option to purchase on March 31, 1980. The appellee filed suit for its commission on the sale to Ratliff Brothers and the trial judge granted the appellee's motion for summary judgment. From that decision, comes this appeal.

The appellants argue that the trial court erred in granting the appellee's motion for summary judgment because a fact question existed as to whether the lease with an option to purchase was on its face a disposition of the property as that term is used in the listing agreement between the parties. The appellants also argue that summary judgment was not proper because they had raised the issues of unjust enrichment and failure of consideration. We find no error in the trail court's ruling, and therefore we affirm.

First, we find it unnecessary to deal with the appellants' argument concerning whether a lease with an option to

purchase is a disposition of property. In the case at bar, the option was granted during the listing period, and the optionee exercised the option. We are mindful of the fact that the option was exercised after the exclusive listing contract had expired. We see little difference in the granting of an option which is ultimately exercised, and the execution of a contract to sell property which is signed during the listing period but performed afterwards. The trial judge properly granted summary judgment on this point. In *Swift v. Erwin*, 104 Ark. 459, 148 S.W. 267 (1912), the court stated, "Instead of being a sale, an option excludes the right to sell during its life." The option here effectively prevented the appellee from exercising its exclusive right to sell the appellants' property during the remainder of the exclusive listing. Also, the exercise of the option by Ratliff Brothers consummated the sale by the appellants in derogation of the appellee's rights under the exclusive listing agreement. Therefore, the appellee was entitled to its commission pursuant to the listing agreement.

Next, the appellants argue that summary judgment was improper because they raised the issues of unjust enrichment and failure of consideration, which created a fact question for the jury. We disagree. The appellants and the appellee entered into a valid exclusive listing contract and the appellants failed to show by affidavit or other proof the basis of their claim that there was in fact a failure of consideration. In *Tate v. Goine*, 212 Ark. 51, 204 S.W.2d 900 (1947), the court held that "the mere fact of listing, coupled with anticipated effort in procuring a purchaser, would be sufficient consideration." There was no showing that the appellee did not attempt to discharge its obligations under the contract with the appellants and we will not reverse on the mere allegation of failure of consideration.

The appellants' argument concerning unjust enrichment is likewise without merit. There was no evidence presented which would show that the listing contract was not freely entered into by the appellants, and therefore nothing upon which a jury could find the contract void. Thus, the concept of unjust enrichment has no application to these facts as it is a legal theory that exists in the realm of

quasi-contract, and not when an express written contract exists. See, *Dunn* v. *Phoenix Village, Inc.,* 213 F. Supp. 936 (W.D. Ark. 1963).

The appellee's motion for summary judgment was filed on October 6, 1981. The appellants obtained extensions of time in which to file their response to the motion, and they finally did respond on December 31, 1981. Accompanying their response to the motion was the affidavit of Russell Ratliff, the lessee and purchaser of the appellants' property. A hearing on the motion was held on July 21, 1982, and summary judgment was granted on March 17, 1983. The trail court found that Mr. Ratliff's affidavit was not sufficient to set forth specific facts showing that there was a genuine fact issue for trial. The ambiguities claimed by the appellants, and their other arguments addressed above, were not supported by the one affidavit which was filed in resisting the motion.

ARCP, Rule 56 (e) provides that:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment if appropriate, shall be entered against him.

We cannot say that, based on the facts presented at the hearing on the appellee's motion, the granting of the summary judgment was error.

On appeal from the granting of a motion for summary judgment, this Court must review the evidence in the light most favorable to the party resisting the motion. *Bourland* v. *Title Ins. Co. of Minnesota,* 4 Ark. App. 68, 627 S.W.2d 567 (1982). See also *Dodrill* v. *Arkansas Democrat Co.,* 265 Ark. 628, 590 S.W.2d 840 (1979). The burden is on the appellee to demonstrate that, even though the facts may be in dispute, reasonable minds could not differ as to the conclusion to be

drawn from them. *Hendricks* v. *Burton,* 1 Ark. App. 159, 613 S.W.2d 609 (1981).

Summary judgment is an extreme remedy and should be granted only when no genuine issue of fact exists. *Purser* v. *Corpus Christi State Nat'l Bank,* 258 Ark. 54, 522 S.W.2d 187 (1975). In *Davis, Adm'x* v. *Lingl Corp.,* 277 Ark. 303, 641 S.W.2d 27 (1982), the Arkansas Supreme Court stated:

> A summary judgment is appropriate only where the pleadings, depositions and answers to interrogations, together with the affidavits, show there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Rule 56, ARCP; *Turner* v. *Baptist Medical Center,* 275 Ark. 424, 631 S.W.2d 275 (1982).

We have reviewed the evidence before the trial judge when he granted the motion for summary judgment and find that he did not err. Also, the appellee has met its burden by showing that no genuine issues of fact existed and the judgment was correct.

Affirmed.

CRACRAFT, C.J. and CLONINGER, J., agree.