The ESTATE Of Dave KNOTT, by
Charlie KNOTT, Administrator *v.*
John Harris JONES and CERTAIN LANDS

CA 84-262                                    687 S.W.2d 529

Court of Appeals of Arkansas
Division I
Opinion delivered April 10, 1985
[Rehearing denied May 15, 1985.]

*Robert F. Morehead,* for appellant.

*Jones & Petty,* for appellee.

LAWSON CLONINGER, Judge. Appellant's statement of the issue can perhaps best be reduced to a single contention: the chancellor erred in granting summary judgment on the basis of res judicata. We do not agree, and we affirm the lower court's holding.

In his capacity as administrator of the Estate of Dave Knott, appellant filed an action in Jefferson County Chancery Court to quiet title to 14.6 acres of land. Jefferson County Circuit Court, in a previous ejectment action, had held that appellee was the owner and entitled to the possession of the land in question. The chancellor dismissed appellant's action, stating that it was barred by res judicata because of the circuit court's prior summary judgment in appellee's favor in a suit involving the same land. The chancellor found that appellant had claimed in the circuit court case that he personally owned the land and was therefore estopped from bringing an action in his fiduciary capacity. "The issues are the same," said the chancellor, "and only the capacity of the parties differs." Appellant as administrator of the estate was held to be merely a nominal plaintiff. "The real party in interest," the chancellor concluded, "is Charlie Knott, individually."

Ark. Stat. Ann. § 62-2401 (Repl. 1971) provides that realty becomes an asset in the hands of the administrator of an estate "when so directed by the will (if any), or when the court finds that such property should be sold, mortgaged, leased or exchanged for any purpose enumerated in [§ 62-2704]." The latter statute lists the following contingencies:

(1) For the payment of claims,

(2) For the payment of a legacy given by the will of the decedent,

(3) For the preservation or protection of assets of the estate,

(4) For making distribution of the estate or any part thereof, or

(5) For any other purpose in the best interest of the estate.

Since 1956, when appellant was appointed administrator, no claim has been filed against the estate, and no other "purpose enumerated" has been found by the probate court. In *Cranna, Administrator* v. *Long*, 225 Ark. 153, 279 S.W.2d 828 (1955), the Arkansas Supreme Court ruled that legal title of an intestate's lands, upon his death, descends and vests in his heirs at law, subject to a widow's dower and the payment of debts through his administrator. Thus, the property cannot be said ever to have been an asset in appellant's hands; only when real property has become an asset in an administrator's hands may he, in the language of § 62-2401, "maintain or defend an action for the possession thereof, or to determine or protect the title thereto." *See Miller* v. *Watkins*, 169 Ark. 60, 272 S.W. 846 (1925).

By 1982, appellant, through inheritance and conveyance from his brothers, had acquired all the interest in the lands comprising the estate. It was in his capacity as an individual landowner that he appeared as a party to the action in circuit court in 1983 that resulted in the recognition of appellee as owner of the 14.6 acres. Apart from the fact that appellant lacked legal capacity to maintain the action in chancery as administrator of the estate, his effort to circumvent the effect of res judicata by claiming to be a different party in the chancery suit (*i.e.*, the estate *by* the administrator) is only an exercise in semantics. Generally speaking, the principle of res judicata applies when a final adjudication occurs on the merits of an issue, without fraud or collusion, by a court of competent jurisdiction, on matters that were (or might have been) litigated. Precisely identical parties are not required; a substantial identity is sufficient. The rule will not be defeated by minor differences. Wells v. *Ark. Public Svc. Comm'n*, 272 Ark. 481, 616 S.W.2d 718 (1981); *Rose* v. *Jacobs*, 231 Ark. 286, 329 S.W.2d

170 (1959). *See also* 50 C.J.S. *Judgments*, § 763. Here, the differences were not merely minor; they were found to be altogether fictional, and that finding is supported by the evidence. We endorse the ruling of the chancellor that when a party to one action in his individual capacity and to a second in his representative capacity is, in both cases, asserting or protecting his individual rights, the doctrine of res judicata binds him. *See Vaughn's Adm'r v. Louisville & N. R. Co.,* 179 S.W.2d 441 (Ky., 1944).

Affirmed.

COOPER and MAYFIELD, JJ., agree.