Madeline TALBOT and Ben Talbot, Jr. *v.* Thomas JANSEN and Janet Honeycutt

87-20                                             744 S.W.2d 723

Supreme Court of Arkansas
Opinion delivered February 16, 1988

*Hall & Vaught*, by: *John Wesley Hall, Jr.*, for appellants.

*Catlett, Stubblefield, Bonds & Fleming*, by: *Victor A. Fleming*; and *Wright, Lindsey & Jennings*, for appellees.

JAN R. CROMWELL, Special Associate Justice. This litigation arises from the January 1983 purchase of the corporate stock of "That Little Restaurant" by appellant Ben Talbot, Jr., with money loaned to him by appellant Madeline Talbot. The sellers were John C. Smithers and appellees Thomas Jansen and Janet Honeycutt. In the contract of sale, Smithers represented the liabilities of the restaurant as being $26,104.35, when in fact they were $90,794.95. Ben Talbot, Jr., defaulted on his note to

Madeline Talbot and in May 1983 a receiver for the restaurant was appointed at the request of Madeline Talbot. The court authorized the receiver to pursue causes of action on behalf of the owner of the restaurant and in April 1985 the receiver filed a breach of contract action against John C. Smithers and the appellees for the amount of the liabilities understated by Smithers. No claim for fraud was brought by the receiver.

On October 24, 1985, the receiver recommended that appellees' settlement offer of $15,000 be accepted and on December 9 the settlement was approved by the chancellor as a "just and fair" resolution of the dispute between the parties. On December 13, 1985, appellant Madeline Talbot filed a motion for modification of the December 9 order and filed a notice of appeal and designation of record on December 19, 1985. She failed to pursue this appeal and on May 7, 1986, the circuit court complaint was dismissed.

On April 14, 1986, Ben Talbot, Jr., and Madeline Talbot filed this cause of action against appellees Jansen and Honeycutt for compensatory and punitive damages alleged to be the result of the fraudulent misrepresentations by John C. Smithers. The complaint alleges that Smithers knowingly understated the outstanding liabilities of the restaurant, thereby fraudulently inducing Ben Talbot, Jr., to purchase the restaurant and further inducing Madeline Talbot to finance the purchase. The complaint alleges that Smithers, as the agent, and Jansen and Honeycutt, as parties to the contract of sale, profited from such fraud. The fraud was alleged to have occurred on January 13, 1983, but not discovered until April 15, 1983, when an accounting of the liabilities was completed. Appellees moved to dismiss the complaint, for summary judgment based on *res judicata* and statute of limitations. The motions were granted and the Talbots have appealed.

There are three questions to be decided:

(I) When parties to a lawsuit elect to sue for breach of contract, are they thereafter barred from bringing a subsequent lawsuit on the issue of fraud in the inducement of that contract when all issues of the subsequent lawsuit necessarily fall within the issues of the previous case . . . i.e., *res judicata*?

(II) When does the statute of limitations begin to run in an action for fraud on the contract?

(III) What relationship does a court appointed receiver for a corporation bear to the principals and shareholders of that corporation when that receiver is appointed at the behest of those principals or shareholders, where the receiver is authorized to file suits and where the principals or shareholders were present (or represented by counsel) at all hearings?

## I

### Res Judicata

■ The general rule in Arkansas is that in order for the doctrine of *res judicata* to apply it must appear that the particular matter involved was raised and determined *or that it was necessarily within the issues and might have been litigated in the previous action.* [Emphasis added.]

*Howard* v. *Green*, 555 F.2d 178 (8th Cir. 1977); *Turner* v. *State*, 248 Ark. 367, 452 S.W.2d 317 (1970); *Martin* v. *Citizens Bank of Beebe*, 283 Ark. 145, 671 S.W.2d 754 (1984).

■ In considering the appellee's motion for summary judgment, we must view the allegations of the pleadings in the light most favorable to appellants. *Moeller* v. *Theis Realty, Inc.*, 13 Ark. App. 266, 683 S.W.2d 239 (1985); *Township Builders, Inc.* v. *Kraus Construction Co.*, 286 Ark. 487, 696 S.W.2d 308 (1985).

■ In this case, the point of controversy has at all times been the misstatement of liabilities. In the previous suit, appellants elected to sue for breach of contract. The receiver knew about the fraud issue, but did not raise it. The complaint was dismissed. Appellants appealed, but did not follow through. In the case at bar, they allege the same facts, but rename their action "fraud," and seek punitive damages. The facts are identical. *Res judicata* applies.

## II

### Statute of Limitations

We are dealing with Ark. Stat. Ann. § 37-206 (Repl. 1962):

an action for fraud must be brought within three years from the date the cause of action accrues.

■ "Fraud does suspend the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud *or should have discovered it by the exercise of reasonable diligence.*" (Emphasis added.) *Hughs* v. *McCann*, 13 Ark. App. 28, 678 S.W.2d 784 (1984). The question arises as to whether the appellants used due diligence to discover the fraud.

It is relevant that on March 23 and March 25, 1983, respectively, guardianship and civil commitment actions had been filed against Ben Talbot, Jr., in Pulaski Probate Court with Madeline Talbot acting as petitioner. Madeline Talbot was appointed temporary guardian and authorized to take possession of and administer his property. It was not until May 26, 1983, that Madeline Talbot filed the petition for receivership.

Without giving unnecessary details and based upon all the facts presented, including the family's knowledge of Ben Talbot's mental situation, it is obvious that Madeline Talbot did not use due diligence to discover any fraud. Either Ben Talbot did not use diligence or was incapacitated from doing so.

### III

### *The Role of the Receiver*

The receiver in this case was appointed at Madeline Talbot's request and she had notice of, was present at, or was represented in all hearings involving Ben Talbot, Jr. When she disagreed with the chancery court's judgment, she filed an appeal but then abandoned it.

■ A receiver is a fiduciary representing the court and all parties in interest. A receiver is an "embodiment of the creditors" standing as agent for them, representing them with power to do acts that a mere agent of the defunct company could not do. *See* 36 Words and Phrases, 741-42 [citing *Wimpfheimer* v. *Perrine*, 50 A. 356, 65 N.J. Eq. 770 (1901); *Peabody* v. *N.E. Waterworks*, 184 Ill. 625, 56 N.E. 957 (1901)]. This power includes bringing suit on behalf of creditors. *See generally* 66 Am. Jur. 2d, *Receivers* §§ 449, 450 and 452 [citing *inter alia Converse* v.

*Hamilton*, 224 U.S. 243, 56 L.Ed. 749, 32 S.Ct. 415 (1912).]

■ Receiver Bryant was authorized by court order to pursue causes of action available to the owner of the business. He elected not to allege fraud. There is sufficient identity between the appellants and the receiver to bar this lawsuit.

The trial court is affirmed in all respects.

EDWARDS, SP. C.J., and NEWBERN, J., dissent.

HOLT, C.J., and DUDLEY, J., not participating.

ROBERT EDWARDS, Special Chief Justice, dissenting. The doctrine of *res judicata* provides that a prior decree bars a subsequent suit when the subsequent cause involves the same subject matter as that determined in the former suit between the same parties, and the bar extends to those questions of law and fact which might have been but were not presented. *Turner* v. *State*, 248 Ark. 367, 452 S.W.2d 317 (1970); *Martin* v. *Citizen's Bank of Beebe*, 283 Ark. 145, 671 S.W.2d 754 (1984). Exactly the same parties are not required in order to render issues adjudicated in a former suit *res judicata*, since it is sufficient if there is a substantial identity of parties. *Wells* v. *Arkansas Public Service Commission*, 272 Ark. 481, 616 S.W.2d 718 (1981); *Estate of Knott* v. *Jones*, 14 Ark. App. 271, 687 S.W.2d 529 (1985).

Appellees argue that since appellant Madeline Talbot instituted a chancery court action resulting in a receiver being appointed for "That Little Restaurant," and since the receiver instituted a circuit court action against appellees under an indemnification clause in the stock purchase contract, the present suit for fraud is barred by *res judicata* since it involves subject matter which could have been raised by the receiver, a party with substantial identity to the appellants.

As the majority states, in considering the appellees' motion for summary judgment, we view the allegations of the pleadings in the light most favorable to appellants. Also, in this case appellees have the burden of establishing the defense of *res judicata*. *Southern Farmers Association* v. *Wyatt*, 234 Ark. 649, 353 S.W.2d 531 (1962); *Hurst* v. *Hurst*, 255 Ark. 936, 504 S.W.2d 360 (1974).

If the fraud was known at the time the prior suit was brought, I agree that a prior suit alleging breach of contract bars a subsequent suit between the same parties alleging fraud in the procurement of the contract. However, I do not agree that in this case the prior suit involved the same parties or parties with substantial identity to the appellants.

The receiver was appointed for the business "That Little Restaurant." The receiver was authorized to pursue actions available to the owner of "That Little Restaurant." The owner of "That Little Restaurant" was the corporation.

The present claim alleges personal damages to the appellants as a result of fraudulent misrepresentations made to appellant Ben Talbot, Jr., which were relied on by appellant Madeline Talbot when she loaned money to Ben Talbot, Jr., to purchase stock in the corporation. I cannot agree that the receiver in the circuit court case was a party with substantial identity to the appellants. The receiver was appointed to protect and preserve the assets of the restaurant, and in the performance of those duties he was given authority to pursue actions available to the corporation. While the question of whether or not the receiver was a proper party to bring the circuit court suit is not before us, it should be noted that the order of the chancery court approving the circuit court settlement reflects that the small settlement was being approved in part because of the possible merit of a defense raised in the circuit court case by appellees that the alleged loss was a personal loss of Ben Talbot, Jr., and not a corporate loss. The receiver's selection of a cause of action in a suit for the corporation over which Ben Talbot, Jr., and Madeline Talbot had no control should not preclude this later cause of action wherein Ben Talbot, Jr., and Madeline Talbot seek to recover damages personal to them for fraudulent misrepresentations relating to the stock purchase.

Accordingly, the motion for summary judgment should not have been granted on the issue of *res judicata*.

Also, we have held that in order to prevail on a motion to dismiss the complaint on the basis of limitations, it must be barred on its face. Furthermore, we strictly construe the statute, and if there is any reasonable doubt, we will resolve the question in favor of the complaint standing against the challenge. *Dunlap* v.

*McCarty*, 248 Ark. 5, 678 S.W.2d 361 (1984); *McKim* v. *McLiney*, 250 Ark. 423, 465 S.W.2d 911 (1971); *Jefferson* v. *Nero*, 225 Ark. 302, 280 S.W.2d 884 (1955).

Under Ark. Code Ann. § 16-56-105 (1987), an action for fraud must be brought within three years from the date the cause of action accrues. Fraud does suspend the running of the statute of limitations, and the suspension remains in effect until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence. *Hughs* v. *McCann*, 13 Ark. App. 28, 678 S.W.2d 784 (1984). In actions where the fraud is alleged to have been concealed, the cause of action accrues when the fraud is discovered or should be discovered, with the exercise of reasonable diligence. *Wrinkles* v. *Brown*, 217 Ark. 393, 230 S.W.2d 39 (1950); *Wright* v. *Lake*, 178 Ark. 184, 13 S.W.2d 826 (1929). Also, mere ignorance of one's rights does not prevent the operation of the statute of limitations, but where the ignorance is produced by affirmative and fraudulent acts of concealment, the statute of limitations does not begin to run until the fraud is discovered. *Williams* v. *Purdy*, 223 Ark. 275, 265 S.W.2d 534 (1954); *State of Tennessee* v. *Barton*, 210 Ark. 816, 198 S.W.2d 512 (1926). As stated in 37 Am. Jur. 2d, *Fraud and Deceit*, § 406 (1968),

> Unless the fraud was of such a character as to necessarily imply concealment it is necessary, in order to postpone the running of the statute of limitations until the discovery of the fraud, that the ignorance thereof shall have been produced by affirmative acts of the guilty party. In other words, the fact that the complainant was ignorant of the fraud until after the right of recovery was barred is not per se sufficient to entitle him to the benefit of the exception under consideration, in the absence of any act or conduct on the part of his adversary calculated to mislead, deceive or lull inquiry.

Further, as stated in 51 Am. Jur. 2d, *Limitations of Actions*, § 148 (1970), "Although mere silence or failure to disclose may not in itself constitute fraudulent concealment, any statement, word or act which tends to the suppression of the truth renders the concealment fraudulent."

Appellants' complaint alleges that during the purchase

negotiations John C. Smithers on January 13, 1983, made fraudulent misrepresentations concerning the corporation's liabilities and had the true financial condition of the corporation been known, the sale and loan would not have occurred. The complaint further alleges that the appellants did not discover the fraud until April 15, 1983. Appellants' suit was filed April 14, 1986.

Appellees' motion to dismiss does not allege that appellants discovered the fraud prior to April 15, 1983. Neither does the motion allege that appellants did not use due diligence to discover the fraud. While questions of fact may arise in a trial of this matter as to whether April 15, 1983, was the date of discovery or as to whether or not the appellants exercised due diligence to discover the fraud, based on the record, the question of whether or not the statute was tolled until April 15, 1986, should be an issue of fact to be decided in a trial. *Crossett Health Center* v. *Croswell*, 221 Ark. 874, 256 S.W.2d 548 (1953); *Crissman* v. *Carl-Lee*, 173 Ark. 32, 200 S.W. 133 (1918). Therefore, appellees' motion to dismiss on the basis of limitations should not have been granted.

I would reverse and remand this cause to the trial court for further proceedings.

NEWBERN, J., joins in the dissent.