Thomas W. DUPREE, et al. *v.* TWIN CITY BANK

89-123                              777 S.W.2d 856

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*Lesly W. Mattingly*, for appellants.

*Eichenbaum, Scott, Miller, Liles & Heister, P.A.,* by: *Frank S. Hamlin* and *Christopher O. Parker*, for appellee.

STEELE HAYS, Justice. In this appeal from a grant of summary judgment, the primary question is whether the trial court properly found the statute of limitations had run.

Prior to 1983, Twin City Bank, the appellee, had made land development loans to the appellants, Thomas Dupree, et al. Upon default by the appellants, the appellee commenced foreclosure proceedings. At some point during the foreclosure proceedings, apparently in December 1983, there was an alleged oral agreement between the bank and appellants to the effect that appellants would not contest the foreclosures, would seek buyers and third party financing to assure repayment of all sums owed to the bank, and upon the sale of the properties to these new buyers, the bank would forego deficiency judgments against the appellants. Appellants contended that they kept their end of the agreement but the bank refused to release them from its judgment liens.

On April 1, 1988, appellants filed a complaint alleging

constructive fraud, duress, misrepresentation and bad-faith breach of contract, but few facts of the case were given. An amended complaint was filed on June 3, 1988, giving more of the circumstances that led up to appellants' cause of action. The pleading included the following allegation:

> That it was specifically agreed and understood that the loans for the purchase of the property that was subject to the foreclosure proceedings would be closed by either the Defendant or [another bank], and in any event, the plaintiffs would be absolved of all responsibility under the foreclosure judgments through the closing of the loans regardless of who financed the purchase of said properties. . . .That as of July 10, 1984, the defendant had been paid in full for all of the foreclosure judgments mentioned herein against the plaintiffs and that *on October 31, 1984, plaintiffs mailed to defendant three orders seeking its approval which would satisfy said judgments in full . . . . ; that defendant failed and neglected to approve said orders or to satisfy any of the judgments it held against the plaintiffs in accordance with the agreement between the parties hereto.* [Our emphasis].

The appellee filed a motion to dismiss and a hearing was held on September 19, 1988. The trial court treated the motion to dismiss as a motion for summary judgment and dismissed the case with prejudice on the basis of the statute of limitations.

It is not entirely clear what cause of action was being pleaded by appellants—whether it was breach of contract or some manner of fraud or misrepresentation. It is not necessary to reach that question, however, as the statute for both oral contracts and fraud is three years. Ark. Code Ann. § 16-56-106 (1987); *Talbot* v. *Jansen*, 294 Ark. 537, 744 S.W.2d 723 (1988). Nor is there a difference in the triggering event for the accrual of the cause of action, discussed infra.

The appellants argue that even if their cause of action is in tort, there is an underlying cause of action in breach of contract and under the circumstances of this case, the contract was not breached until April 4, 1985.

On March 26, 1985, appellants wrote the bank, asserting the

bank's failure to abide by the agreement and demanding performance or suit would be filed. The bank responded on April 4, 1985, and refused, denying that all conditions precedent to its performance had occurred. Appellants argue that there is no breach of contract until there is an unequivocal statement by the party committing the breach, such as the statement by the bank in its April 4th letter, citing to *Rice* v. *McKinley*, 267 Ark. 659, 590 S.W.2d 305 (1979), and *Ingram Lumber* v. *Ingersoll*, 93 Ark. 447, 125 S.W. 139 (1910). We do not think that to be a correct statement of the law.

First, neither of the cases cited by appellants supports their proposition. *Rice* was only addressing what facts supported a finding that a party was ready to perform. Similarly, *Ingram* found that an unequivocal statement by a party constituted a breach. Neither case examined whether an unequivocal statement is a prerequisite for a breach.

Second, the law is settled on the time the statute of limitations runs for either fraud or breach of contract. Generally, for breach of contract, "[t]he true test in determining when a cause of action arises or accrues is to establish the time when the plaintiff could have first maintained the action to a successful conclusion." 51 Am. Jur. 2d, *Limitation of Actions* § 107 (1970). As we stated on the question of statute of limitations for contracts, a cause of action "accrues the moment the right to commence an action comes into existence." *Hunter* v. *Connelly*, 247 Ark. 486, 446 S.W.2d 654 (1969). And if the right of action depends upon some contingency or a condition precedent, the cause of action accrues and the statute of limitations begins to run when the contingency occurs or the condition precedent is complied with. *Rice* v. *McKinley, supra.*

As to fraud or misrepresentation, mere ignorance of one's rights does not prevent the running of the statute of limitations or laches, unless such ignorance is due to fraudulent concealment or misrepresentation on the part of those invoking the benefit of the statute. *Landman* v. *Fincher*, 196 Ark. 609, 119 S.W.2d 609 (1938). While an action for fraud must be brought within three years from the date the cause of action accrues, the fraud does suspend the running of the statute of limitations and the suspension remains in effect until the party having the cause

of action discovered the fraud or should have discovered it by the exercise of reasonable diligence. *Talbot* v. *Jansen, supra.*

Here, there is no question that the statute of limitations had run at the time appellants filed their complaint on April 1, 1988, under either cause of action. It is affirmed by the language in appellants' complaint. After appellants mailed the orders to appellee for approval on October 31, 1984, the appellee had "failed and neglected to approve said orders . . . in accordance with the agreement between the parties. . . ." The cause of action for breach of contract accrued when performance by the bank was due, and for misrepresentation, when appellants discovered or should have discovered performance was not forthcoming. In either case that was a reasonable time after October 31, 1984. Thus the ruling by the trial court that appellants' cause of action was barred when the complaint was filed on April 1, 1988, is not clearly erroneous.

On November 21, 1988, after the September 19th hearing and the trial court's ruling,[1] appellants filed a second amended complaint. They alleged that as of their letter of March 26, 1985, they still had a good-faith belief that appellee intended to perform and it was only on receiving appellee's April 4th reply that they learned otherwise.[2] The trial court refused to consider the second amended complaint because the case had already been adjudicated and the appellants contend this was error, citing to ARCP Rule 15, "Amended and Supplemental Pleadings." We find no error.

While the language of ARCP Rule 15 clearly encourages liberal amendments of pleadings, as we noted in *Kay* v. *Economy Fire & Casualty Co.*, 284 Ark. 11, 678 S.W.2d 365 (1984), we also recognized that at the same time the trial court is given broad discretion to determine whether an amendment should be allowed to stand and only abuse of that discretion will

---

[1] An order dismissing the complaint was not entered at that time as the appellee filed a motion for fees and costs to be assessed against the appellants which the court wanted to consider before handing down its order. The order was entered on January 23, 1989.

[2] There is no need to address the point but we note that the test for the statute of limitations for fraud is not a subjective one, i.e., when the fraud was discovered or *should have been discovered, Talbot* v. *Jansen,* 294 Ark. 537, 744 S.W.2d 723 (1988).

require reversal.

Here, there was no reason offered by appellants for the delay in bringing the second amended complaint eight months after the first complaint and almost three months after the adjudication of the case on its merits. Amendments made after judgment are not on the same footing as those made prior to judgment. See *Shinn* v. *1st National Bank of Hope*, 279 Ark. 774, 606 S.W.2d 154 (1980). We cannot conclude that the trial court's discretion was abused in this instance.

AFFIRMED.