Bruce LONG & Bonds-Long, Inc.  *v.*  Jack BONDS, Nettie Bonds, & Assignees of Earnest Bonds

CA 04-184                                    200 S.W.3d 922

Court of Appeals of Arkansas
Opinion delivered January 5, 2005

[Rehearing denied February 9, 2005.*]

*Melvin Jackson*, for appellant.

---

\* BAKER, J., not participating.

*Melvin E. Morgan*, for appellee.

JOHN MAUZY PITTMAN, Chief Judge. This is an action for breach of contract. In a prior opinion issued on October 24, 2001, we reversed and dismissed a default judgment entered by the Circuit Court of Van Buren County, Arkansas, in favor of appellees because the appellant was not served within the 120-day period allowed for service under Ark. R. Civ. P. 4(i). The appellees subsequently filed the present action for breach of contract in the Circuit Court of Searcy County, Arkansas. On stipulated facts, the trial judge found that the savings statute applied and that the statute of limitations, therefore, had not run prior to the filing of the complaint. The court entered judgment in favor of appellees. This appeal followed.

Appellant advances several arguments on appeal, but we address only one because it is dispositive. Appellant correctly argues that the savings statute was inapplicable in this case. The limitations period for bringing an action for breach of a written contract is five years from the time the cause of action accrues. Ark. Code Ann. § 16-56-111(a) (Supp. 2003); *Dupree v. Twin City Bank,* 300 Ark. 188, 777 S.W.2d 856 (1989). A cause of action for breach of contract accrues the moment the right to commence an action comes into existence. *Dupree v. Twin City Bank, supra.*

The contract here at issue obliged Bruce Long to purchase 500 shares of corporate stock from Earnest Bond for $50,000 plus accrued interest. Mr. Long was to make ten payments of $5,000 at eight percent interest, with the first payment being due on May 25, 1994, and the last being due on July 31, 1995. Mr. Long belatedly made the first payment on October 10, 1994, but, although demand was made, he made no further payments. Earnest Bonds filed the complaint in the previous breach-of-contract action on April 7, 1995, but did not serve Mr. Long until February 26, 1996. Because service was not made until long after the expiration of the 120-day period set out in Rule 4(i), and because no motion to extend the time for service was made, we reversed and dismissed the trial court's grant of a default judgment in the prior case. *Long v. Bonds,* CA01-123 (op. del. October 24, 2001) (not designated for publication).

The complaint in the present breach-of-contract action was filed on April 12, 2002. Because this is clearly more than five years after any conceivable date assigned to a breach of the agreement, the timeliness of the present action depends of the applicability of the savings statute, Arkansas Code Annotated § 16-56-126 (1987).

That section permits the plaintiff to commence a new action within one year after a judgment for him is reversed on appeal so long as the initial action was commenced within time. *Cole v. First National Bank,* 304 Ark. 26, 800 S.W.2d 412 (1990).

■ In the present case, the initial action was not commenced within time. An action is commenced by filing a complaint with the clerk of the proper court and completing service within the 120-day period following the filing of the complaint. *Green v. Wiggins,* 304 Ark. 484, 803 S.W.2d 536 (1991). Failure to comply with the service requirements of Rule 4(i) of the Arkansas Rules of Civil Procedure results in a failure to commence the action so as to effectuate the one-year savings provision provided in Ark. Code Ann. § 16-56-126 (1987). *Green v. Wiggins, supra.*

Appellees assert that, even though the prior action was held to be void for lack of timely service, the trial court's erroneous ruling that service was timely in that action requires application of the savings statute. We do not agree. Although the Arkansas Supreme Court has interpreted the savings statute liberally and held that it applies in cases where a timely, completed attempt at service is later held to be invalid, *see Forrest City Machine Works, Inc. v. Lyons,* 315 Ark. 173, 866 S.W.2d 372 (1993); *Cole v. First National Bank, supra,* service of process must, at least, be timely attempted in order for the action to be deemed to have commenced so that the savings statute will apply. *Forrest City Machine Works, Inc. v. Lyons, supra* (Brown, J., concurring). In the present case, there is no indication that service of process was even attempted within the 120-day period allowed for obtaining service, and, under these circumstances, the savings statute does not apply. *See Hicks v. Clark,* 316 Ark. 148, 870 S.W.2d 750 (1994); *Green v. Wiggins, supra.*

Reversed and dismissed.

CRABTREE and ROAF, JJ., agree.